SLINGERLAND against SWART, former Sheriff of the county of Schoharie.

THIS was an action of *assumpsit*, and was tried at the Schoharie circuit, in *November*, 1815.

The plaintiff gave in evidence exemplifications of two executions in the supreme court, and the return thereto. 1. A *fi. fa.*, tested the 13th of *October*, 1813, and directed to the sheriff of *Schoharie*, against *Joseph Becker* and *Philip Serviss*, for four thousand dollars of debt, recovered by *Slingerland*, the plaintiff in this cause, and 14 dollars and 43 cents damages and costs; the judgment was docketed on the 12th of *October*, 1813, and the execution was returnable on the 15th of *January*, 1814. By an endorsement on the execution, it appeared that it was received in the sheriff's office on the 4th of *January*, 1814, who was directed to levy, debt to 1,948 dollars and 90 cents, plaintiff's costs, 14 dollars and 43 cents; and defendant's costs, 3 dollars and 31 cents, with interest and fees. 2. A *fi. fa.*, tested the 13th of *October*, in the twenty-eighth year of our independence, directed to the sheriff of *Schoharie*, for 6,000 dollars debt, recovered by *Samuel Lawyer*, and 14 dollars and 62 cents damages and costs; the judgment was docketed on the 22d of *October*, 1813; the execution was returnable on the first *Monday* of *January*, 1814. This execution was received in the office of the sheriff on the 19th of *November*, 1813, and was endorsed to levy 3,000 dollars debt, 14 dollars and 62 cents plaintiff's costs, and 3 dollars and 31 cents defendant's costs, with interest and fees. On this execution was endorsed a receipt, dated the 9th of *December*, 1813, for 902 dollars and 46 cents; and, also, another receipt, dated *January* 22d, 1814, for 446 dollars and 87 cents. 3. The return of the defendant to these two executions, which was as follows: " I do humbly certify and return, that the execution hereto annexed, in favour of *Samuel Lawyer*, was received by me, on the 19th of *November*, 1813; I received direction from the plaintiff, at the same time, not to proceed until further orders from him. On the 3d day of *January*, 1814, (the return-day thereof,) I was directed by the plaintiff, and, likewise, did levy on certain goods belonging to

*Where a sheriff has two executions against the same defendant, and having levied part of the amount of the prior execution, proceeds, after the return-day of that execution, to make another levy, he must apply the sum thus made, in satisfaction of the junior execution; the latest period which the law allows for the service of a writ, being the day on which it is returnable.*

*If the plaintiff in the junior execution, obtain, as a rule, directing the sheriff to pay over the money to him, he is not bound to proceed by attachment, but may maintain an action of assumpsit against the sheriff.*

*And, after such rule of the court, and demand made by the plaintiff to pay him the money, the sheriff, being clearly in default, is chargeable with interest from the time of demand.*

NEWYORK, the defendant, in the defendant's store, which were, afterwards,
May, 1816. sold by me, for 446 dollars and 87 cents, which sum is endorsed
SLINGERLAND by the plaintiff on said execution. That I went on that day to
v.
SWART. another store of the defendant's, about four miles from the first
store, with intent to make a further levy on said execution, but
did not arrive there until after midnight, and the door being
locked I returned to my lodgings, with intent, next morning, to
go there again to make seizure. Next morning, before I start-
ed to go to said store, I received the other execution in favour
of *Douw B. Slingerland,* (the plaintiff in this cause,) hereto
annexed. I then made the seizure of the goods in said store,
and the sales thereof produced 508 dollars, which I have
on hand ready to bring into court, or to pay over as I shall
be directed; not being advised how to pay over the same, and
humbly ask the aid and direction of the court in the premises."
Signed by *Daniel Douw,* under sheriff, for the defendant.

The defendant then gave in evidence a certified copy of a rule
granted by this court, on the 15th of *January,* 1814, in the cause
of *Becker* and *Serviss,* at the suit of *Slingerland,* by which proceed-
ings on the execution in that cause, against *Serviss,* were stayed
until the further order of the court. Proof of the service of this
notice on *Douw,* the under sheriff, was given. The plaintiff
then gave in evidence an order of this court, of the 13th of
*January,* 1815, by which the former order was vacated, and
the sheriff directed to pay over to the plaintiff, in that suit, the
moneys collected by him. Service of a copy of the order on
*Douw,* the defendant's deputy, was proved, and a demand of the
sum of 508 dollars, mentioned in the return to the executions,
before suit brought. A verdict was found by the jury, for the
plaintiff, for that sum, with interest from the time the demand
was made.

The cause was submitted to the court without argument.

*Per Curiam.* It is not necessary, in this case, to decide
whether *Lawyer's* execution was fraudulent and void, so as to
give priority to the plaintiff's, because no more is claimed of the
sheriff than the avails of the property levied on after the return-
day of *Lawyer's* execution; and there can be no possible ground
upon which the recovery, to this extent, can be resisted. It is,
certainly, a principle not to be questioned, that a sheriff cannot
levy an execution upon goods and chattels after the return-day

is passed. The latest period which the law allows for the service of process, is the day on which it is returnable. (2 *Caines' Rep.* 244. 4 *Johns. Rep.* 456.) It is not pretended by the defendant, that he has paid over the money to *Lawyer ;* and, indeed, the return made by him, upon that execution, shows he has not paid it over. He, therefore, has not been misled, or in any way prejudiced, by the rule of *January* term, 1814. And, although the plaintiff might, under the rule of *January* term, 1815, have compelled the sheriff, by attachment, to pay over the money to him, this does not take away his remedy by action. Nor can there be any objection to the recovery of the interest, as found by the verdict, after the order of the court directing the sheriff to pay over the money to the plaintiff, and a demand made upon him for the same. He was clearly in default, and ought to be charged with interest on the money thus wrongfully withheld. The plaintiff is, accordingly, entitled to judgment for 534 dollars and 60 cents, as found by the jury.

NEW YORK
May, 1816.

Judgment for the plaintiff.