ISRAEL CHADBOURNE *versus* MOSES HODGDON.

The endorser of a writ is not liable for the costs recovered by the defendant, if the return of *non est inventus* on the execution was made, and dated before the return day.

THIS was a *scire facias* against the defendant, as endorser of a writ in favor of one *Little*, an inhabitant of this state. The *scire facias* was dated February 4th, 1818, and among other things alleged that in February, 1817, in the action by *Little*, judgment was rendered for the present plaintiff, who was there the defendant—that the 12th of February, 1817, he sued out an execution on said judgment, returnable at the ensuing September term : and that July 28th, 1817, it was returned *non est inventus.*

To this *scire facias* a special demurrer was filed, for the following causes :

1. The execution appears to have been returned before the return day.

2. The writ does not allege that the original plaintiff avoided after the 28th July.

3. Nor does it state that he was not in custody after the 28th of July, and during the life of the execution.

*Burleigh* for the plaintiff.

*Hodgdon, pro se*, and *Ichabod Bartlett.*

WOODBURY, J., delivered the opinion of the court.

This *scire facias* is founded on the 7th section of our statute of September, 1792, " for regulating process and trials in civil causes."—*N. H. Laws*, 100.

The latter part of this section provides, that the person who shall endorse a writ for the plaintiff " shall be liable in " case of the plaintiff's living out of the state, or upon the " neglect, inability or avoidance of the plaintiff, and return " of *non est inventus ;* or that such execution as may have " issued against the plaintiff is unsatisfied, to pay the defend- " ant all such costs as he shall recover, &c. on *scire facias* " to be brought against such endorser within one year from " the time of rendering judgment against the plaintiff, and " not afterwards."

Chadbourne
*vs.*
Hodgdon.

The two last causes which are assigned for the demurrer in this case, appear to be only arguments predicated on the sufficiency of the first cause. Whether that be sufficient or not is, then, the true question : and this question must be decided against the plaintiff, if the return on his execution was not made at the time required by the above statute.

(1) 3 *Bl. C.* 275.

Though the "return of" writ may sometimes mean the re-delivery of it to the court from which it issued,(1) yet the expression may also mean the statement of the doings of the officer, who receives it for service ; and it must be obvious that the word "return," as used in the section of the statute before recited, possesses the latter meaning.

In this case the statement of the officer's doings appears to have been made some time before the return day of the execution ; and whenever a precept has actually been served before such day, this statement should be made before ; because it should recite the facts truly.—9 *Mass. R.* 393. *Hayward* vs. *Hildreth.*—11 *do.* 210.—13 *do.* 75.—13 *Johns.* 255.—4 *East* 606.

But when, as here, the precept has not been served, though the officer may be guilty of no wrong in stating that fact on the back of the precept before the return day, yet it deserves much consideration whether the person in whose favour an execution has issued can avail himself of such a return so as to charge the endorser, under the provisions of the above statute.

(2) 3 *Bl. C.* 275.

The design of the statute seems to have been to provide security for the defendant's cost. The antient pledges, at common law, who were security for his cost, became liable to the defendant on the rendition of judgment against the plaintiff(2). Under our statute, however, it could not have been intended that the endorser should be liable so soon. For it is expressly provided that before any precept can be sustained against him, such execution as may have "issued against the plaintiff" when an inhabitant of this state, must be returned "*non est inventus*," or "unsatisfied." But this variation from the common law would be nugatory, if such

Chadbourne
*vs.*
Hodgden.

return could be made, and the endorser rendered liable at any time before the return day of the execution. For, on that principle, the execution might, with this return upon it, be passed back to the court the day after it issues, as well as on any other intermediate day ; and on a *scire facias* against the endorser to answer at the ensuing term be sued out immediately on such a return of the execution. It is another argument against this course, that no practice like it has ever existed under the statute.

From the phraseology of this statute, also, compared with the "Act regulating bail in civil causes,"(3) it is apparent that the endorser of the writ was intended to be made a surety for the plaintiff, in a manner similar to that in which the bail were made sureties for the defendant. It is the practice here for the undertaking of both to commence by a mere endorsement of their names on the writ(4.) The mode of proceeding, and the statute of limitations against them both, are also the same. But bail cannot be rendered liable unless it appear that the principal has avoided till the return day of the execution. For, if he be imprisoned, or the debt discharged before that day, the return of *non est inventus* is improper, and the bail can be exonerated.— 2 *East* 439.—16 *do.* 2.—4 *Bos. & Pul.* 251.—*Tidd* 993.

That this return, too, cannot be made before the return day of the execution, is inferable from the rule of practice both in *England* and *New-York*, that the execution must be lodged in the sheriff's hands the whole of the last four days of its life, in order that the bail may receive notice of the intent to fix him, and then surrender the principal or pay the judgment(5.) No specifick time for the execution to be lodged in the sheriff's hand previous to the return day was prescribed in this state till the act of June, 1818 ;(6) but we are not aware that, before this act, it was ever apprehended the bail could be charged, if the return itself appeared to have been made before the return day.

(3) *Stat.* 116.

(4) *Vide Hamilton* vs. *Dunklee, Cheshire, May,* 1818, *page* 172.

(5) 12 *Mass. R.* 435.—2 *Selw. P.* 112.—2 *John. C.* 74.

(6) *Stat.,pamph.* 139.

Chadbourne
*vs.*
Hodgden.

In the present case, however, the return day was in September, and the return itself is alleged to have been made in the July preceding. It therefore furnishes no evidence of that "liability or avoidance" of the plaintiff between July and September which the statute considers a condition precedent to the recovery against the endorser. Had there been no date to the return, perhaps we might have presumed it was made on the return day : and, therefore, evidence of an avoidance till that time. So, if parol testimony were admissible to show an inability or avoidance, we might receive proof of one which was subsequent to the date of the return, and was continued to the return day. But it is obvious, from the language of the statute, that the only evidence of "inability or avoidance" is a proper "return of *non est inventus*, or that such execution as may have issued against the plaintiff is unsatisfied."

We have been able to find no precedent resembling the case under discussion except that of *Palmer* vs. *Potter et al.*, *Cr. El.* 512. The principles of that case, particularly as reported in *Moore* 431, are much in point, and, coupled with the above reasoning, justify us in rendering judgment for the defendant.

*Let the scire facias be quashed.*