And now, at this term, the opinion of the Court was thus delivered by
Parsons, C. J.
[After a brief abstract of the facts reported oy the judge.] If the description in a conveyance be so uncertain, that it cannot be known what estate was intended, the conveyance is void. But in a deed poll, where there is a doubt, the construction must be against the grantor; and every deed ought to be so construed, if it can, that the intent of the parties may prevail, and not be defeated.
It seems to be a general rule, that when the description of the estate intended to be conveyed includes several particulars, all of which are necessary to ascertain the estate to be conveyed, no estate will pass, except such as will agree to every particular of the description. Thus, if a man grant all his estate in his own occupation in the town of W., no estate can pass, except what is in his own occupation, and is also situate in that town. ■
But if the description be sufficient to ascertain the estate intended to be conveyed, although the estate will not agree to some of the particulars in the description, yet it shall pass by the conveyance, that the intent of the parties may be effected. Thus, if a man convey his house in D., which was formerly R. C.’s, when it was not R. C.’s, but T. C.’s, the house in D. shall pass, if the grantor had but one house in D., because, by the description of his house in D., the estate intended to be conveyed is sufficiently ascertained.
Let us apply these rules to the case before us. The mortgagor has described, as the estate to be conveyed, all that his farm of land in Washington, on which he then lived, containing one hundred, acres, with his dwelling-house and barn thereon standing. This description is sufficient to ascertain the estate intended tobe conveyed ; and if no other particulars were inserted, there could be no doubt. But he adds that the farm on which he lived was the Lot No. 17, in the first division of lands there, and included within certain limits mentioned. The limits of this lot are truly described, but [ *206 ] in fact the farm on which he * lived was not No. 17, *185 but a different parcel of land. By the rule, then, this particular of the description is to be rejected, because without it the description is sufficiently certain; and because, if it be considered as an essential part of the description, the deed will be void. For by no construction can Lot No. 17 be considered as conveyed, to the exclusion of the farm, as the lot is mentioned as descriptive of the farm, and not the farm as descriptive of the lot. Indeed, rather than the deed should be deemed void, a construction ought to be adopted, on which both the farm and the lot should be conveyed ; for a farm, on which the mortgagor then lived, is certainly intended to be conveyed ; and the lot is also bounded as descriptive of, and may therefore be considered as part of the premises.
But, on the first ground, we are satisfied that, the description of the farm by a false reference to the lot must be rejected, because without that description the farm is sufficiently ascertained.
Let the verdict be set aside, and a general verdict that the said Hylyer is guilty in manner and form as the plaintiffs have declared against him be entered. Judgment for the demandants must be rendered as on a mortgage, (a)

 [Thatcher vs. Howland, 2 Metc. 41. There was, certainly, room in this case to entertain the questions, whether the language, descriptive of the premises, does not constitute one entire description; and if any part can be rejected as immaterial, whether the particular description, by reference to the lot or division of lands and precise boundaries, should not prevail over the more general language. Thomas’s note to Doddington's case, 2 Coke, rep. by Thomas, 33, a, note A. — 3 Prest. Abst. 207 —8. — Steele vs. Channell, 6 Taunt. 145. — Doe, dem. Smith, vs. Galloway, 5 B. & Ad. 51 — Boardman and Others vs. Lessees of Reed & Al., 6 Peters, 345. — Ed.]