NEW-YORK,
May, 1830.

Lush
v.
Druse.

LYDIA LUSH, executrix, &c. *vs.* DRUSE.

Where demised premises were described in an indenture of lease by the *number of the lot*, and also by *metes and bounds*, and the metes and bounds applied to a different lot from that described by its number, and the tenant entered into possession of the lot as described by its number, and continued such possession for 36 years, *it was held*, that the practical location was evidence of a *mistake* in the latter part of the description, and that the lease was good and operative.

And where in such lease the premises demised were described as extending from a given line so as to include *one hundred* acres, and the lot taken possession of contained but *eighty* acres, *it was held* that the *quantity* being part of the description which might be rejected, the lessee took only what was contained in *the lot* described by its number, and whether it contained more or less than 100 acres was not enquirable into in an action of covenant for the rent.

Where rent in kind is payable by the terms of the lease at such place in a *market town* as the lessor shall appoint, if no appointment is made, it is the duty of the lessee to seek the lessor to ascertain the place of payment and there to deliver his rent. If the landlord could not be found, a delivery at any place in the market town it seems would be sufficient.

The price of wheat in a market town on a given day, obtained from the books of dealers in that article, is *prima facie* evidence of its value.

A landlord is entitled to *interest* on rents payable in wheat if the wheat be not delivered on the stipulated day.

Although seisin be alleged in a declaration of covenant on a lease for rent, the plaintiff is not bound to prove it; nor to shew the defendant in possession, where it is in evidence that he claimed to be the assignee of the lease and actually paid rent.

Proof of the hand writing of subscribing witnesses to a sealed instrument who are shewn to be dead or beyond the jurisdiction of the court, is *good* evidence of the execution of the instrument without proof of the signatures of the parties.

THIS was an action of covenant for rent reserved in a lease, tried at the Otsego circuit in September, 1828, before the Hon. SAMUEL NELSON, one of the circuit judges.

On the 4th February, 1789, Stephen Lush, the testator, executed a lease to Edward M'Donald in perpetuity of certain premises, described as " all that certain lot of land distinguished and known by the name of lot number *two*, in the division of a tract of land situate, lying and being in the county of Montgomery, (now Otsego,) adjoining a patent called Springfield ; beginning at the south-east corner of a

NEW-YORK, tract of land granted to John M'Niel, and running thence
May, 1830. east to the said patent of Springfield twenty-six chains, and
~~~~~~~ extending from the said east line northward the whole
Lush breadth of the said tract of land, of which said lot is a parcel,
v. so as to include 100 acres, which said last mentioned tract of
Druse. land was granted to John Lansing, junior ;" the rent reserved
was 18¼ bushels of good merchantable wheat, to be delivered
annually on the first day of February in each year at such
place in Albany as the lessor, his heirs or assigns should ap-
point. The declaration claimed 8 years rent, amounting to
the sum of $175, as due on the 1st March, 1825. The de-
fendant pleaded *not est factum*, payment, denying the assign-
ment of the lease to him, and that only part of the premises,
to wit, 80 acres, ever came to his possession.

The lease was proved by evidence of the hand writing of
the witnesses, one of whom was dead and the other resided
in Upper Canada. The defendant's counsel insisted that the
signatures of the lessor and lessee should also be proved,
which the judge ruled to be unnecessary. It was then shewn
that in 1814 the defendant claimed to be the assignee of the
lease. A witness proved the value of wheat in Albany in
the years 1822, 23, 24 and 25, derived by him from the
books of large dealers in wheat in that place, he knowing
nothing of the price of wheat from his own knowledge, and
stated the rent for those years, according to the prices thus
ascertained, at $85,21. The plaintiff claimed interest on this
amount; the judge reserved the question and the plaintiff
rested.

The defendant objected to the sufficiency of the proof as
to the value of the wheat, and insisted, 1. That the seisin of
the testator at the execution of the lease having been averred,
it ought to be proved; 2. That it was incumbent on the
plaintiff to shew an appointment of a place in the city of Al-
bany for the delivery of the wheat, and notice thereof to the
defendant; and 3. That the plaintiff having alleged that the
defendant, by virtue of an assignment, had entered into and
possessed the premises, was bound to prove the fact ; which
objections were overruled by the judge. The defendant, af-
ter producing receipts for rent from 1816 to 1821 inclusive,

and also a receipt of 1822 for 15 bushels and 35 lbs. of wheat on account of rent, offered to prove that the premises described in the lease covered lot number four of the tract mentioned in the lease, and not lot number two, which was offered to be shewn by evidence, that the tract described in the lease consisted of only four lots, the northernmost lot being designated number one, the next number two, the third number three, and the southernmost lot number four, and that the lot in the possession of the defendant is number two; that the lessor never had title to number four; that it never had been in the possession of McDonald, the lessee, or of the defendant, and that it was in fact holden under an adverse and paramount title, and had been so held for 25 years. This evidence was objected to and overruled. The defendant then offered to prove that lot number two as in his possession contained only 80 acres; that the location made by the lessee, and transmitted to him by assignment, contained only that quantity, and that it could not be extended without encroaching upon the adjoining tracts, and insisted that if he established such facts he was entitled to a *pro rata* abatement of rent, and that the excess paid by him in former years should now be allowed him in payment of the rent demanded. The judge decided that such evidence was inadmissible. The defendant then insisted that the jury in assessing the damages should be governed by the value of the wheat on the premises; this point also was decided against him, and a verdict rendered for the plaintiff for $64,99, the balance due after deducting the payment of 1822, subject to the opinion of this court; the interest to be added if the plaintiff was entitled to recover interest.

*H. G. Wheaton*, for plaintiff. The lease was well proved. (4 Johns. R. 461.) The evidence of the value of the wheat was competent to go to the jury, who would give such weight to it as it was entitled to. The plea of *non est factum* merely put in issue the instrument declared on, and the plaintiff was not bound to prove the other averments in the declaration. (10 Johns. R. 47.) The appointment of a place in the city of Albany and notice to the tenant was not necessary. (18

Johns. R. 447.) The defendant being shewn to be the as-signee of the lease, was liable to the covenants, although he had never been in possession. (2 Chitty's Pl. 194, n. n. 7 East, 335.) The defendant not shewing an eviction cannot deny his landlord's title to any part of the premises. (7 T. R. 537. 2 Taunton, 279. Co. Litt, 47 b.) Nor can he claim an apportionment of rent. (Co. Litt. 148 b. 3 Vin. Abr. 12.) If there be any uncertainty as to the land, or the quantity thereof, intended to be included in the lease, the acts and acquiescence of the parties ought to have a controuling in-fluence in the determination of that question. (15 Johns. R. 471. 5 Mass. R. 355.) If, in the description of an estate in a deed, there are particulars sufficiently ascertained to de-signatè the estate intended to be granted, the addition of cir-cumstances false or mistaken will not affect the deed. (7 Johns. R. 217. 5 Cowen, 371.) The possession of lot No. 2 by the defendant, and those under whom he claims, under the lease in question, for near 40 years, shews conclusively the lot intended to be granted. The price of wheat in Alba-ny, and not on the land, ought to regulate the amount of re-covery ; it was in Albany and not on the land that the rent was not to be paid. The plaintiff is entitled to interest ; the de-fendant was in fault, and therefore chargeable with it. (5 Cowen, 144. id. 615.)

*I. Seelye,* for defendant. The place of beginning of the land demised being a permanent monument, viz. the south-east corner of McNiel's patent, and the course and distance given to the Springfield patent being also well defined, and the tract capable of being located to absolute certainty, and the quantity of land included, mentioned in the lease, instead of rejecting the boundaries given by the lease, the number of the lot ought to have been rejected ; [4 Mass. Rep. 196 ; 7 Johns. R. 217 ; 17 id. 146 ;] and if so, the lease was in-operative and void in conveying premises to which the lessor had no title. The defendant having occupied lot No. 2, would be liable for the use and occupation of it, but cannot be charged under the lease.

The land granted being to extend so far north as to in-clude 100 acres, there is an implied covenant that it should contain that quantity; and the defendant having offered to prove that the premises located contained only 80 acres, there was a breach of this covenant which the defendant had a right to insist on, and to claim an apportionment of the rent. (2 Johns. R. 37.)

The counsel also relied upon the other points raised at the trial, though he did not argue them.

*By the Court,* SAVAGE, Ch. J. The objection to the suf-ficiency of the proof of the lease was correctly overruled; the testimony given was all that is required by the rules of evidence. (4 Johns. R. 467.) I can see no possible ob-jection to the allowance of interest. The value of the wheat became due on the first of February in each year, in conse-quence of the default of the defendant in not delivering the wheat according to contract; and interest is as much the right of the creditor after the principal becomes payable as the principal itself.

The defendant objected to the sufficiency of the proof of the value of the wheat, but on what ground is not stated. The proof was by a witness who had inquired of merchants dealing in the article, and examined their books. This, un-contradicted, was sufficient.

The defendant then objected that the plaintiff, having stat-ed the seisin of her testator, was bound to prove it: which the judge overruled, and correctly. The defendant was es-topped from denying the title of the lessor.

It was also contended that the plaintiff should shew the appointment of some place in the city of Albany for the de-livery of the wheat and notice to the defendant. It was the duty of the defendant to have called on the plaintiff to know where the plaintiff wished to have the wheat delivered, and then to have delivered it at such place. (Co. Litt. 210. 4. Cowen, 452.) In the case of *Remsen* v. *Conklin*, (18 Johns. R. 450,) this court seemed to intimate that upon a lease like the present, a tender upon the land would have been good, be-cause rent issuing out of the land is payable on the land

where no place is appointed; but here a place is appointed, and that 50 miles from the land. The authorities relied on in 18 Johnson, 450, are Co. Litt. above referred to, and Bacon's Abr. Tender, C. which refer to Coke. I understand both Littleton in the text and Coke in the commentary to be speaking of rent payable, but no place appointed; and in that case money, if the rent be payable in money, must be tendered to the landlord, if in the kingdom of England; if the rent issue out of the land, it is payable on the land, and a tender there is good. Here, however, the rent is payable in *Albany*; but the particular store house where the wheat is to be deposited is not named. What then is to be done? I hold the tenant is in the situation of an obligor, where the condition is to deliver 20 quarters of wheat, (to take the case put by Coke,) the obligor in such case must seek the obligee to know where he will appoint to receive it, and there it must be delivered. If the landlord could not be found, still the wheat must be delivered at Albany; and any place in Albany, under such circumstances, would probably be sufficient. This discussion may be unnecessary, because in this case there is no pretence of a tender upon the land or any where else.

As to the other objection, that the defendant was not shewn to be in the possession of the premises, it is sufficient that he claimed to be the assignee, and asserted an interest in the premises, (9 Cowen, 89,) besides, it appeared that he afterwards paid rent.

The next and principal objections are, that there is in the lease a misdescription of the premises, and that there is a deficiency in the quantity of acres, entitling the tenant to an apportionment of rent.

The lot in question belongs to a small patent containing but four lots, being numbered from the north. That part of the description which gives the number of the lot is correct; but where the lease describes the lot by metes and bounds, it describes lot No. 4 of the same tract, which was never owned by the lessor, nor in the possession of the lessee or the defendant. The rule laid down by this court in 7 Johns. R. 228, as to the construction of grants, is this: " If there are

certain particulars once sufficiently ascertained, which de- signate the thing intended to be granted, the addition of a circumstance, false or mistaken will not frustrate the grant." The same rule is adopted in 17 Johns. R. 156, and 6 Cowen, 372. Every grant must be so construed, if possible, as to give effect to the intention of the parties. This lot is sufficiently described by the number and patent; and had the description stopped there, there could have been no ground of objection. The subsequent description by metes and bounds contains premises which the lessor never owned and did not intend to grant; nor did the lessee or the defendant ever suppose that any other premises than lot No. 2 were intended to be included in this lease, nor had they possession of any other premises. Here has been a practical location by the parties, which shews the mistake in the latter part of the description of the premises.

As to the last objection, it is answered that there has been a long acquiescence in the location, and payment of rent for the whole farm. There is no pretence of any eviction by a paramount title. The rent, moreover, is not payable by the acre; 18 1-4 bushels are to be paid for the farm, which the lessor says contains one hundred acres. This assertion of quantity belongs to that part of the description which is not applicable to the lot really intended by both parties to be included in the lease. I reject all that follows after the number; and if the parties intended and supposed there were 100 acres, the quantity is mere description. It is the lot which is conveyed, and whether it contain more or less is not inquirable into in this action. (2 Johns. R. 37.)

I am therefore of opinion that the plaintiff must have judgment upon the verdict, with interest upon the rent after it was due till judgment.