## DRINKWATER *vs.* SAWYER.

When one held a farm by two several deeds of separate parcels thereof, made by the same grantor at different times ; and afterwards made a deed to a third person, using language sufficiently indicating the whole farm, and then adding that the premises were the same which he purchased by deed of such a date, referring to the latter only of his title deeds ;—it was held that the whole farm passed by this conveyance ; and that the recital of the source of the grantor's title was superfluous, the description being otherwise sufficient.

THIS was a writ of entry on a mortgage, made by the tenant to one *Gooding*, and assigned to the demandant ; and was tried before the Chief Justice.

It appeared that the tenant purchased part of the demanded premises of *John Cushing*, by deed dated *Dec.* 28, 1808 ; conveying a piece of land "in that part called *Cushing*'s point, with the northerly half of the house" in which he then dwelt. This parcel is marked *A* in the diagram below. On the 15th day of *February* 1821, *Cushing* made another deed to the tenant, describing the land marked *B* on the same plan, as bounded northeasterly by the sea shore, southeasterly by land of the heirs of *T. Simonton*, and *E. Thrasher*, southwesterly by land of *W. Stanwood*, and northwesterly by land belonging to said *Sawyer* ;—"including the land whereon the dwelling house stands, which terminates at *Cushing*'s point, so called." On the 29th day of *December* 1828, the tenant

made the mortgage declared on, describing the tract *B* in the language of *Cushing's* second deed to him, with this addition,—" including land whereon the dwelling house stands, which terminates at *Cushing's* point, so called, with all the buildings thereon, and is the same premises which were conveyed to me by *John Cushing* by deed dated *Feb.* 15, 1821." No other proof was offered, except a plan of the premises.

Hereupon a verdict was taken for the demandant, subject to the opinion of the court upon the question whether the mortgage included both the parcels originally purchased by the tenant ; and to be amended accordingly.

Note.—The following sketch shows with sufficient accuracy the situation of the land in controversy.

*F. O. J. Smith,* for the tenant, argued that the language of the mortgage deed was fully satisfied by confining it to the land marked *B* on the plan ; and that such was the obvious intent of the parties was apparent both from their reference only to the deed of that parcel, though the other was on record and known to the mortgagee, and from the omission to notice *Lee's* land, which, upon any other construction, would have been an important boundary. 3 *Mass.* 352 ; 4 *Mass.* 205 ; 5 *Mass.* 401 ; *Vose v. Handy,* 2 *Greenl.* 230 ; 9 *Mass.* 238 ; *Child v. Fickett,* 4 *Greenl.* 475 ; 7 *Johns.* 217 ; 5 *East* 51.

*Deblois,* for the demandant, cited *Shep. Touchst.* 87 ; 1 *P. Wms.* 487 ; 5 *Mass.* 411 ; 4 *Cruise's Dig. tit.* 32, ch. 19, sect. 3 ; 3 *Greenl.* 71 ; *Worthington v. Hylyer,* 4 *Mass.* 205.

WESTON J. delivered the opinion of the Court.

The extent and limits of the land conveyed in mortgage by the tenant, in *December,* 1828, to *Gooding,* and by him assigned to the demandant, are well ascertained by the particular description given. The large piece south of the road is described by its bounds ; and in respect to this no question is made. Then follow the words " including the land whereon the dwelling house stands, which terminates at *Cushing's* point so called, with all the buildings thereon." This embraces very manifestly the land north of the road, that terminating at *Cushing's* point, and the dwelling house standing upon it. The construction contended for by the tenant, would exclude a part of *Cushing's* point, and the greater part of the dwelling house, of which the grantor was the undoubted owner at the time. Had there been no further description, the right of the demandant to all the land he claims, would have been too clear to admit of question.

But it is insisted by the counsel for the tenant, that the demandant's right is restrained and limited by other parts of the description. The part, relied on to establish this limitation, is in these words, " and in the same premises, which were conveyed to me by *John Cushing,* by deed dated *February* 15, 1821." And it appears that the land in dispute had been previously conveyed to the tenant by the same *John Cushing,* by deed dated *December* 28, 1808. A

purchaser looks to the terms in which his purchase is described, rather than to the source from which his grantor derived title, unless reference is made to a prior deed for a description of the premises. There was no such reference in the deed in question. It is merely recited that the land conveyed is the same conveyed by *Cushing* to the tenant, in *February*, 1821. In the case of *Worthington & al. v. Hylyer & al.* 4 *Mass.* 196, *Parsons C. J.* says " if the description be sufficient to ascertain the estate intended to be conveyed, although the estate will not agree to some of the particulars in the description, yet it shall pass by the conveyance, that the intent of the parties may be effected. Thus if a man convey a house in *D*, which was formerly *R C*'s, when it was not *R C*'s but *T C*'s, the house in *D* shall pass, because by the description of his house in *D* the estate intended to be conveyed is sufficiently ascertained." And this rule is very necessary to give effect to conveyances ; for it often happens that through inadvertency, some particulars not essential to the description, may be erroneously stated. Suppose the tenant, by design or accident, had misrecited altogether the source from which he derived title, the land upon which the deed was intended to operate, would clearly appear from the particular description given. So that if *Cushing's* last deed had in terms embraced only a part of the land, or had embraced none of it, or if he had never had any deed whatever from *Cushing*, all the land described in the tenant's deed to *Gooding* must by law have passed, he being the owner of it at the time. *Cushing's* second deed is bounded northwesterly by *Sawyer's* land, and the piece in dispute is bounded, in that direction, by *Lee's* land and the sea shore ; but *Sawyer* had other land on the northwesterly line, which would satisfy this part of the description. But whatever may have been the effect and true construction of *Cushing's* second deed, the essential parts of the description in the deed made by the tenant are too strong and unequivocal to sustain the construction for which he now contends, which would exclude from its operation the piece in dispute.

*Judgment on the verdict.*