## SIMEON WING vs. JAMES BURGIS.

In giving a construction to a levy on land, or to a deed; where several particulars are named, descriptive of the premises, if some are false or inconsistent and the true be sufficient of themselves, they will be retained, and the others rejected.

It is the object of the law to uphold, rather than to defeat, conveyances, if the subject matter, upon which they are to operate, can be ascertained by any fair intendment.

Where a stake and stones are referred to, as a monument, in a deed or levy, parol proof is admissible to show their location.

WRIT of entry on the demandant's own seizin; who claimed title from the defendant by virtue of the extent of an execution against him on the premises, *July* 5, 1831.

The land set off on the execution is thus described. "A piece or parcel of land situated in *Mexico* in said County, *being a part of lot numbered three* in the first range, beginning at a stake and stones standing in the southeast corner of that part of the lot which said *Burgis* purchased of *Harvey Wait;* thence running north $24\frac{1}{2}°$ east on the easterly line of said lot 72 rods to a stake and stones; thence north $65\frac{1}{2}$ west 100 rods to a stake and stones standing in the westerly line of said lot; thence south $24\frac{1}{2}°$ west 72 rods on the westerly line of said lot to the stake and stones standing in the southwest corner of the half lot said *Burgis* bought of *J. M. Williams* and *C. L. Curtis;* thence south $65\frac{1}{2}$ east on a line parallel with the north line of said lot, 100 rods, to the *first mentioned stake and stones,* containing forty-five acres." Lot No. 2 lies adjoining No. 3, and directly east of it. *Wait* conveyed to *Burgis* the northerly half of No. 2, but no part of No. 3. *Williams* and *Curtis* conveyed the northerly half of lot No. 3, but no part of No. 2.

The defendant objected, that the levy was void for uncertainty, inasmuch, as the place of beginning is described therein, as on the southeast corner of lot 2, and that following the courses and distances from that point would not include the land demanded. The demandant offered to prove by one of the appraisers, that they actually commenced at a stake and stones, standing on the southeast corner of the half lot of No. 2 purchased by *Burgis* of *Williams* and *Curtis,* and ran the courses and distances men-

tioned in the return, and actually placed at the time stakes and stones at the places so referred to by them in their return ; and that the land set off within those bounds is a part of No. 3, and includes no part of No. 2 ; that they intended to have described the place of beginning, as the southeast corner of the lot of land purchased by *Burgis* of *Williams* and *Curtis*, instead of *Harvey Wait* ; and he also offered to prove, that by commencing the location on the southeast corner of land purchased of *Wait*, and running the courses and distances, they will not meet with any of the monuments referred to, and especially will not strike the fourth one, standing in the southwest corner of land bought of *Williams and Curtis*, or any monument in any respect answering that description ; but that by commencing at the southeast corner of land purchased of *Williams* and *Curtis*, at the stake there put down at the time by the appraisers, bounds will be found exactly answering the description in the return at every point indicated. All the parol evidence was objected to by the defendant. To bring the question before the court with the least expense, *Parris J.* rejected the evidence offered, and a nonsuit was ordered, which was to be taken off and a default entered, if the whole Court should be of opinion, that on the facts offered to be proved the action could be maintained.

*Robert Goodenow*, for the demandant.

The description commences by stating that the land set off is part of lot No. 3. The starting point is at a stake and stones, and parol proof has always been held admissible to prove the actual location of such monuments. It is manifest from the whole return, that the land set off is part of No. 3, but a portion of the description is inconsistent with it, the land bought of *Wait* lying in No. 2. If the description is sufficient, after rejecting such inconsistent part, to describe the land by the words made use of in the return, the land passes by it. *Worthington* v. *Hylyer*, 4 *Mass. R.* 205 ; *Vose* v. *Handy*, 2 *Greenl.* 322. By rejecting the following words, " standing in the southeast corner of that part of said lot which said *Burgis* bought of *Harvey Wait*," the remaining part will accurately and truly describe the demanded premises. All the remaining particulars of the description are perfectly consistent with each other.

One other particular of the description, " the stake and stones standing in the southwest corner of the half lot said *Burgis* bought of *J. M. Williams* and *C. L. Eustis*," is certain, positive and can admit of no possible mistake. By starting from this well known point and running the courses and distances back, a thing in common practice by surveyors, the whole description will be full and perfect, and all true, except the words proposed to be rejected. *Linscot* v. *Fernald*, 5 *Greenl.* 496.

*Deblois*, for the defendant.

The levy on an execution is a statute purchase, and the rules of construction are the same in a levy, as in a deed. *Water-house* v. *Gibson*, 4 *Greenl.* 230.

Parol evidence is not admissible either to contradict the effect of this levy, or explain any latent ambiguity ; but these ambi-guities must be removed by a sound construction of the words of the levy. *Storer* v. *Freeman*, 6 *Mass. R.* 435 ; *Albee* v. *Ward*, 8 *Mass. R.* 83 ; *Stackpole* v. *Arnold*, 11 *Mass. R.* 30.

It was determined in the case, *Worthington* v. *Hylyer*, 4 *Mass. R.* 196, that when the description of the land intended to be conveyed includes several particulars, all of which are necessary to ascertain the estate to be conveyed, no estate will pass except such, as will agree to every particular of the description. As lot *No. 3*, contains more land, than was levied on, the particular *most necessary* to ascertain the estate is the place of beginning. Where there is a well ascertained place of beginning, as in this case ; that must govern. *Jackson* v. *Wilkinson*, 17 *Johns. R.* 146. By commencing at that well known and ascertained point, the premises demanded do not fall within the description.

Parts of a description can be rejected only where the descrip-tion *was sufficiently certain before*. *Jackson* v. *Clark*, 7 *Johns. R.* 218. Here, if you reject what is called surplusage, you re-ject the place of beginning, as well as a necessary part of the description. This cannot be aided by parol proof. *Gilbert's law of evidence*, 312 ; *Tate* v. *Anderson*, 9 *Mass. R.* 92 ; *Bott* v. *Burnell*, 11 *Mass. R.* 163.

After a continuance, the opinion was drawn up by

WESTON C. J. The land levied upon, is first described generally as part of lot No. 3, in the first range of lots in *Mexico.* Then follows a more particular description. It was to begin at a stake and stones standing in the south corner of that part of the lot, which the judgment debtor bought of *Harvey Wait.* In point of fact, he bought no part of the lot of him. That part of the description then is false. If that is rejected, does enough remain to ascertain the location of the land, upon which the execution was extended? If the debtor bought no part of the lot of *Wait,* there could be no southeast corner of that part, so that the words to be rejected are, "in the southeast corner of that part of the lot which said *Burgis* purchased of *Harvey Wait.*" There would then remain, as a point of beginning, a stake and stones standing, and it becomes a question, where? The first line was to run from that stake a certain number of rods on the easterly line of the lot. We must look then for the stake and stones in that line. There is no sort of question, as to the true location of this monument, in the east line of No. 3. It is susceptible of the most satisfactory proof, which was offered by the demandant at the trial.

Parol proof is admissible to show the location of a monument, referred to in a deed. *Linscott* v. *Fernald et al.* 5 *Greenl.* 496 ; *Prop. of Claremont* v. *Carlton,* 2 *N. H. Rep.* 373. The point of beginning being found, every other part of the description, except the part rejected, corresponds precisely with the demandant's claim, and the location of the land may be ascertained with the most perfect certainty, if regard were had merely to the courses and distances. There is besides a monument referred to, at each of the other three corners, the location of which the demandant offered to prove. We have then the four corners, the location of which is ascertained, the courses and distances of the four sides, the fact that one of the sides is on the east line, and another on the west line of No. 3, and that one of the corners is also the southwest corner of the half lot, the execution debtor bought of *Williams* and *Eustis.*

A description, so certain, precise and definite, ought not to be defeated, merely because the appraisers were under a mistake as to the person, of whom the debtor purchased. Errors in descrip-

tion will sometimes creep in, in spite of care, vigilance and caution ; and deeds are often drawn by unskilful and inexperienced hands. It is the object of the law to uphold, rather than to defeat, conveyances, if the subject matter, upon which they are to operate, can be ascertained by any fair intendment. The rule by which courts are governed in these cases, is laid down with great clearness by the late Chief Justice of this court, in *Vose* v. *Handy*, 2 *Greenl.* 322. He says, " where several particulars are named, descriptive of the premises conveyed, if some are false or inconsistent, and the true be sufficient of themselves, they will be retained and the others rejected, in giving a construction to a deed." *Worthington et al.* v. *Hylyer*, 4 *Mass. R.* 196, is an authority to the same effect.

To give operation to the levy, according to its plain and manifest meaning, we are all of opinion that the words, before adverted to, being false and inconsistent with the other parts of the description, general and particular, should be rejected ; and that there will then remain enough, with such parol proof to locate the monuments, as if legally admissible, to sustain the title of the demandant. The nonsuit is accordingly set aside.

*Tenant defaulted.*