## JOHNSON *v.* SIMPSON.

In the description in a deed, if the premises intended to be granted appear clearly and satisfactorily from any part of the description, and other circumstances of description are mentioned which are not applicable to such premises, the grant will not be defeated, but those circumstances will be rejected as false or mistaken.

The defendant owned a lot of land, known as No. 330, which he purchased of one S. It was bounded north by a passage-way, twenty-five feet; east by lot No. 329, one hundred and twenty-six feet; south by Merrimack street, twenty-five feet; and west by lot No. 331, one hundred and twenty-six feet. He conveyed it to the plaintiff, who went into possession on taking the deed. The description in the deed to the plaintiff gave the correct boundaries on the north and south, and also the length of the lines correctly on the east and west; but it stated the lot on the east to be No. 347, instead of 329, and on the west to be 349, instead of 331. It stated also that it was the same lot conveyed to him by S. — *Held*, that the error in the numbers of the lots bounding on the east and west did not affect the validity of the deed, and that the defendant was not liable for damages on his covenants of warranty.

COVENANT. Defendant defaulted. Motion for assessment of damages.

The following facts appeared: On the 25th day of September, 1849, Frederick Smyth conveyed to the defendant, by warrantee deed, a lot of land in Manchester, in said county, and described as follows:

" A certain piece or tract of land, situated in said Manchester, bounded and measuring as follows, to wit: northerly by a passage-way, twenty-five feet; easterly by lot No. 329, one hundred and twenty-six feet; southerly by Merrimack street, twenty-five feet, and westerly by lot No. 331, one hundred and twenty-six feet, being the lot known as lot No. 330, as marked on the Amoskeag Manufacturing Company's plans, with the buildings, subject to a mortgage to John S. Elliott, of said Manchester, of seven hundred and twenty-two dollars and sixty-eight cents."

That the defendant sold said lot to the plaintiff, but by his deed described it as follows: " A certain parcel or lot of land, situated in said Manchester, and bounded and described as follows, to wit: Northerly on a passage-way between Manchester and Merrimack streets, twenty-five feet; easterly one hundred

and twenty-six feet, by lot No. 347, as laid down on the Amoskeag Company's plan; southerly twenty-six feet, by Merrimack street, and westerly one hundred and twenty-six feet, by lot No. 349, on said plan—being the same conveyed to me by Frederick Smyth."

The defendant's deed contained the usual covenants of seizure in fee, that the premises were free from all incumbrances, that the defendant had good right to sell and convey the same, and will warrant and defend the same to the plaintiff against the claims and demands of all persons. The plaintiff, on the execution of the defendant's deed, went into possession of the first described lot, and has remained in possession ever since, and has attached the same in this suit. It has also been attached by various other creditors of the defendant. The lot described in the defendant's deed is lot No. 348, on Merrimack street, except that that lot was not conveyed to the defendant by said Smyth —the defendant had no title of lot No. 348 whatever. The deed also describes lot No. 330, the lot intended to be conveyed, on the north and south ends. The consideration of the defendant's deed to the plaintiff was $1100, although the sum named in the deed is $1000.

*W. C. Clarke* and *S. N. Bell*, for the plaintiff.

The main question that arises in this case is, Does the concluding expression in the deed of the defendant to the plaintiff— "being the same conveyed to him by Frederick Smyth"—operate to control the preceding description? The particular description in the first part of the deed describes a tract of land in distinct and explicit terms, and the concluding phrase, whether intended as a further description or as a limitation, is entirely an error, and does not apply to the land described. Taking the whole description together it will not apply to lot No. 330. The lot described is lot No. 348, and no other. To this lot the defendant had no title. The land intended to be granted must be ascertained from the description; and when the particular tract of land is granted in clear and express terms, the grantor and

those claiming under him are estopped from saying that another tract was intended to be granted. *Bell* v. *Morse*, 6 N. H. 205. The rule to be applied is distinctly laid down in *Drew* v. *Drew et al.*, 8 Foster 489. The same rule is expressed in *Benedict* v. *Gaylord*, 11 Conn. 332; *Ela* v. *Card*, 2 N. H. 175; *Smith* v. *Strong*, 14 Pick. 128; *Bell* v. *Morse*, 6 N. H. 205; *White* v. *Gay*, 9 N. H. 126, and cases there cited. Also the cases cited at length in *Drew* v. *Drew*, 8 Foster 501–510; *Harvey* v. *Mitchell*, 11 Foster 575; *Emerson* v. *White*, 9 Foster 482.

By reason of his want of title to the land described, the defendant becomes liable on his covenants, and must answer to the plaintiff for the damages he has sustained thereby. " When one has conveyed, with warranty, divers pieces of land, one of which did not belong to him, it was held that he was bound by his warranty in relation to that piece." *Leland* v. *Stone*, 10 Mass. 459; *Barnes* v. *Leonard*, 5 N. H. 264.

The whole title failing, the damages should be the consideration paid, and the interest. *Moody* v. *Leavitt*, 2 N. H. 174; *Ela* v. *Card*, 2 N. H. 175; *Marston* v. *Hobbs*, 2 Mass. 433; *Caswell* v. *Wendell*, 4 Mass. 108; *Nichols* v. *Walter*, 8 Mass. 243; 1 Foster 531; *Drew* v. *Towle*, 5 Foster 229; *Wilson* v. *Wilson*, 15 N. H. 176; *Parker* v. *Brown*.

The true consideration paid is the measure of damages, and not that expressed in the deed. *Morse* v. *Shattuck*, 4 N. H. 229; *Wilkinson* v. *Scott*, 17 Mass. 249; *Shepherd* v. *Little*, 14 Johns. 210; *Kep* v. *Dennison*, 4 Johns. 23; *Wade* v. *Merwine*, 11 Pick. 280; *Pritchard* v. *Brown*, 5 N. H. 266.

EASTMAN, J. The description of land in a deed is to be so construed as to give effect, if possible, to the intention of the parties. Bac. Abr., Grant, J.; 2 Roll. Abr. 65; Co. Litt. 146; *Worthington* v. *Hylyer*, 4 Mass. 196; *Lush* v. *Druse*, 4 Wend. 313, 319; *White* v. *Gay*, 9 N. H. 131. The very matter and substance of a grant, says Lord *Hobart*, is nothing else but a declaration of the owner's will to transfer a thing to another. Hobart 329; Bacon's Abr., Grant, H.

And that this intention may be the more effectually carried out, the facts and circumstances before the parties at the time of the conveyance, so far as they may be ascertained without trespassing upon any of the rules of evidence, are to be examined. *Drew* v. *Drew*, 8 Foster 494; *Webb* v. *Stone*, 4 Foster 286.

The whole language of a deed is to be construed together, if it may be, in order to ascertain the true construction. *Clough* v. *Bowman*, 15 N. H. 504; *Webster* v. *Atkinson*, 4 N. H. 26. And effect is to be given to all its parts whenever it can be done. *Jackson* v. *Moore*, 6 Cowen 706; *Hibbard* v. *Hurlbut*, 10 Vt. 173; Bac. Abr., Grant, H.; *Child* v. *Ficket*, 4 Greenl. 473.

And in giving a construction to the description in a deed, the language used is to have its natural effect and weight, without being controlled by the particular position in which it is found. *Bell*, J., in *Drew* v. *Drew*, 8 Foster 495.

Where the description consists of several parts, and some of them are incorrect, if it can be ascertained from those which are correct what was intended to be conveyed, the incorrect parts will be rejected and the instrument be made to take effect. Thus in *Jackson* v. *Loomis*, 19 Johns. 449, where the lot was described by a wrong number, yet being also described by fixed and known monuments, the court decided that the number of the lot might be rejected. And on the other hand, in *Jackson* v. *March*, 6 Cowen 281, where the lot was incorrectly described by its number, but there was a mistake in one of its boundaries, it was held that the lot might be located by its number.

In *Lush* v. *Druse*, 4 Wend. 313, the description was of all that certain lot of land distinguished and known by the name of lot number *two*, in the division of a tract of land situate, &c., beginning at the south-east corner, &c., and giving boundaries that purported to run round the lot. It appeared that the lot as bounded was lot number *four*, in the tract, instead of number two; that the lessee took possession of number two, which the lessor owned, and the court decided that the boundaries might be rejected, and that the lease was good and operative by the num-

ber. *Savage,* C. J., in giving the opinion of the court says: "That part of the description which gives the number of the lot is correct; but where the lease describes the lot by metes and bounds, it describes lot number *four* of the same tract, which was never owned by the lessor, nor in the possession of the lessee or the defendant." And again: "The subsequent description by metes and bounds contains premises which the lessor never owned and did not intend to grant; nor did the lessee or the defendant ever suppose that any other premises than lot number two were intended to be included in this lease, nor had they possession of any other premises. Here has been a practical location by the parties, which shows the mistake in the latter part of the description of the premises."

The principle is thus stated by *Parsons,* C. J., in *Worthington* v. *Hilyer,* 4 Mass. 196: If the description is sufficient to ascertain the estate intended to be conveyed, although the estate will not agree to some of the particulars in the description, yet it shall pass by the description.

*Sutherland,* J., in *Jackson* v. *Moore,* 6 Cowen 717, expresses it thus: If the thing intended to be granted appears clearly and satisfactorily from any part of the description, and other circumstances of description are mentioned which are not applicable to that thing, the grant will not be defeated, but those circumstances will be rejected as false or mistaken.

Lord *Coke* says: "The law shall make such construction as the gift by possibility shall take effect."

The authorities sustaining this general principle are numerous, and generally uniform. To those already cited may be added the following: Touch. 87; *Bosworth* v. *Sturtevant,* 2 Cushing 392; *Vose* v. *Bradstreet,* 14 Shep. 156; *Emerson* v. *White,* 9 Foster 482; *Harvey* v. *Mitchel,* 11 Foster 575; *Winkley* v. *Kaime,* 32 N. H. 268; 1 Greenl. on Ev., sec. 301. Many others might also be cited.

In the present case the intention of the parties is perfectly manifest. Simpson intended to convey to Johnson lot 330.

That was the lot which Simpson owned, which he purchased of Smyth, and which Johnson bought and took possession of, and of which he still remains in possession. And unless there is something in the description of the deed so absolutely controlling that it cannot take effect upon that lot, the intention of the parties must be carried out.

If the description had been, " a certain piece or lot of land, situated in said Manchester, being the same conveyed to me by Frederick Smyth," the deed would have been sufficient to pass the land, because the description in Smyth's deed which was referred to, would have made certain the lot intended ; and that is certain which can be made certain.

If, then, the whole description by boundaries should be rejected, there is a good description left, which the parties have recognised by the practical location and possession of the lot. And the case of *Lush* v. *Druse*, as well as some other of the authorities cited, would seem to be very much in point.

Or, if simply the numbers on the east and west sides of the boundaries, with the accompanying words, should be omitted, the description would then stand well. Such was the course taken in *Worthington* v. *Hylyer*, 4 Mass. 196 ; and it would appear to be well sanctioned by the other authorities.

By adopting either of the courses suggested, no rule of construction is violated, and the intention of the parties is made effectual.

This conclusion is not in conflict with the rule stated in the plaintiff's brief, for the description in this deed may be readily distinguished from those of the class there cited.

Entertaining these views, had not the defendant been defaulted he would not be subjected to any damages for a breach of his covenants, and nominal damages are the most that can be assessed.

It may be a question whether the plaintiff, by taking judgment for damages, may not endanger his title to the premises. That question we have not examined, as it is not presented by

Johnson *v.* Simpson.

the case ; but we think it one of importance for the plaintiff to consider before he takes judgment for any sum. We shall not therefore make any order to the Common Pleas, but, having expressed our opinion as to the construction to be put upon the description in the deed, we shall simply discharge the case.