## WILLARD DRURY *vs.* LEONARD MORSE.

In the assignment of a judgment upon a mortgage which is described as having been "given by A. B.," when in fact no such mortgage existed, but a mortgage given by another person did exist upon which a judgment had been obtained against A. B. as mortgagee in possession of the same premises under a subsequent mortgage, the words "given by A. B." may be rejected as *falsa demonstratio.*

In ascertaining the amount for which a conditional judgment shall be rendered in an action to foreclose a mortgage, no deduction should be made by reason of a payment to the mortgagee of a sum of money over and above the interest due upon his debt, in consideration of his forbearance for a time to enter upon the premises and foreclose his mortgage, if such payment and forbearance were not stipulated for in the original contract.

HOAR, J. This is a writ of entry, in which the demandant declares on his seisin in fee and mortgage; and the case comes before us upon an agreed statement of facts. The tenant claims title as the assignee of a second mortgage, and asks for the entry of a conditional judgment, which is resisted by the demandant, on the ground that the tenant has no valid title under that assignment.

The facts are, that Walcott, a third mortgagee, being in possession, Mrs. Walton, the second mortgagee, brought an action to foreclose her mortgage, and recovered a conditional judgment, upon which a writ of possession issued, by which Walcott was dispossessed of the land. The second mortgagee then made an assignment to one Fancher, who afterward assigned to the tenant. The assignment to Fancher in its material parts was as follows: " I, Judith L. Walton of Natick, &c., the mortgagee named in a certain mortgage deed given by Edward Walcott recorded in Middlesex Registry of Deeds, Book , Page , for possession of which judgment was recovered in the court of common pleas for said county on the twenty-first day of June A. D. 1859, and execution issued on the twenty-seventh day of August in the same year, in consideration of, &c., do hereby sell, assign, transfer, set over and convey unto the said O. H. P. Fancher, his heirs and assigns, said mortgage deed, the real estate thereby conveyed subject to redemption according to law, and the promissory note, debt and claim thereby secured,

and the covenants therein contained, together with the said judgment and execution, and all right, title and interest which the said Walton has under the mortgage and judgment and execution aforesaid." The mortgage to Mrs. Walton was not made by Walcott, he being only a third mortgagee in possession.

It has been argued for the demandant that no title passed to Fancher by this assignment, because there was no such mortgage as it recites. But we think the repugnancy in the words of description is not sufficient to render the assignment void, and that the words " given by Edward Walcott " may be rejected as *falsa demonstratio.* There was but one judgment recovered by Mrs. Walton at the term of the court named, and but one execution issued thereon in her favor. This judgment was upon a mortgage ; and no other judgment upon a mortgage appears to have been recovered by her at any other time. She does not appear to have held any mortgage from Edward Walcott. The judgment and execution were against Walcott, and were upon a mortgage ; and the error is in saying that the mortgage upon which they were founded was given by Walcott, which it was not. The description is sufficient to ascertain what was intended as the subject of the conveyance, although the estate does not correspond to some particulars of the description. *Worthington* v. *Hylyer,* 4 Mass. 196. *Smith* v. *Strong,* 14 Pick. 128. *Howell* v. *Saule,* 5 Mason, 410. 4 Cruise Dig. (Greenl. ed.) Tit. XXXII. c. XX. § 25, *n.* The demandant is therefore entitled only to a conditional judgment.

In determining for what sum the conditional judgment shall be entered, the tenant relies on the defence of usury. It appeared that while Walcott, the third mortgagee, was in possession of the demanded premises, and when the principal debt secured by the demandant's mortgage was due, he paid to the demandant, in addition to legal interest on the debt secured by the mortgage, twenty dollars usurious interest, in October 1858, in consideration that the demandant would forbear and postpone to exercise his right to enter upon the premises for the purpose of foreclosing his mortgage against the possession of said Walcott. The fact also appeared that said Walcott did not

desire or intend to take advantage of this payment of usury to the demandant, or to claim or recover it back. This presents a question novel in this commonwealth, and one which requires a careful examination of the statutes.

The English statute of 12 Car. II. *c.* 13, enacted that " all bonds &c. for payment of any principal or money to be lent, &c. whereupon or whereby there shall be reserved or taken above the rate of six pounds in the hundred by the year, shall be utterly void." Under this statute it was uniformly held, that if the bond or other contract was not made upon any usurious agreement, so that it was good and valid when it was made, no subsequent taking or agreement for usurious interest upon it would avoid it. *Ferrall* v. *Shaen*, 1 Saund. 294, and Serjeant Williams' note, in which the cases are collected. The language of our provincial statute, 5 Wm. & Mary, *c.* 1, and of *St.* 1783, *c.* 55, § 1, is substantially the same with that of the English statute, and has received the same construction. *Gardner* v. *Flagg*, 8 Mass. 101. *Thompson* v. *Woodbridge*, Ib. 256. *Butterfield* v. *Kidder*, 8 Pick. 512. It was indeed held in *Frye* v. *Barker*, 1 Pick. 267, that although, under the first section of *St.* 1783, *c.* 55, a contract lawful in its inception would be valid, notwithstanding any subsequent usury taken upon it, yet that under the second section, which provided for the proof of usury by the oath of the defendant, the mere taking of usury, without any original agreement therefor, would avoid it, where the trial was by oath, as provided in that section. But this anomaly was remedied by the provisions of *Sts.* 1825, *c.* 143, and 1826, *c.* 27, in which it was first enacted that a usurious contract should not be void, but should be subject to a forfeiture of three-fold the whole interest.

The Rev. Sts. *c.* 35, §§ 1, 2, 3, and 4, were a reënactment of the *Sts.* of 1825 and 1826. By the 2d section it is provided that " no contract or assurance for the payment of money, with interest at a greater rate than is allowed by the preceding section, shall be thereby rendered void; but whenever, in any action brought on such contract or assurance, it shall appear, upon a special plea to that effect, that a greater rate of interest has

been directly or indirectly reserved, taken or received than is al-
lowed by law, the defendant shall recover his full costs, and the
plaintiff shall forfeit threefold the amount of the whole interest
reserved or taken, and shall have judgment for the balance only
which shall remain due after deducting said threefold amount."
The language of this section differs from that of *St.* 1826, *c.* 27,
§ 1, in adding to the words " reserved or taken " the word " re-
ceived ;" and it was suggested in *Clark* v. *Phelps*, 6 Met. 296,
that the addition of the word " received " might embrace the
case of subsequent payments of usurious interest, where the
same was not actually reserved in the contract, or originally
stipulated for ; but the point was not decided. But it is to be
observed that, in stating the amount of forfeiture, it is expressed
as " threefold the whole amount of interest reserved or taken,"
the word " received " being omitted, as if it were merely a repeti-
tion of " taken," and not intended to add to its effect. And in
the report of the commissioners to revise the statutes there is no
intimation of any purpose to recommend a change of the law,
as it stood under the statutes of 1825 and 1826. In *Brickett* v.
*Minot*, 7 Met. 291, it was expressly decided that the words " re-
served or taken " in the second and fourth sections of *c.* 35 of
the Rev. Sts. " refer to a usurious contract for the loan of money,
whereby there had been reserved or taken a greater rate of inter-
est than is allowed by law, at the inception of the contract, and
not to the payment of unlawful and usurious interest on a law-
ful contract ; " and although the words of the statute, " reserved,
taken or received," are quoted in the opinion of the court, there
is no suggestion that " received " was intended to qualify or
extend the signification of " taken." And upon the language
of the whole section, it would seem that the action in which the
forfeiture could be pleaded as a defence must be " on such con-
tract or assurance " as had been previously described ; that is,
" a contract or assurance for the payment of money, with inter-
est at a greater rate than is allowed by the first section." We
are therefore of opinion that, under the Revised Statutes, the
defence of usury would not avail in an action upon a contract
not usurious in its inception, although illegal interest might
have been afterward paid upon it.

The only reported case which contains anything in conflict with this opinion is *Sumner* v. *Williams,* 1 Met. 398, in which Chief Justice Shaw observes that " the statutes have always made a marked distinction between interest ' reserved ' and interest ' taken.' The latter is applied only to interest actually received for the use or forbearance of money, either by way of discount paid in advance, or money paid whilst the loan is outstanding, or upon the final settlement. But interest ' reserved ' is that which is engaged or stipulated for in some form by the terms of the contract." He does not advert to the fact that interest " taken " is also, according to all the authorities, " that which is stipulated for in some form by the terms of the contract," when it is the ground of annulling the contract, as a defence to it, in whole or in part.

We come, then, to the *St.* of 1846, *c.* 199, by which an important change was made in the statute penalty for usury. By § 1 of that statute it is enacted that " whenever, in any action brought on any contract or assurance for the payment of money, hereafter made, it shall appear that a greater rate of interest has been directly or indirectly reserved, taken or received, than is allowed by law, the defendant shall recover his full costs, and the plaintiff shall forfeit threefold the amount of the interest unlawfully reserved or taken, and no more." This act repeals only so much of Rev. Sts. *c.* 35, §§ 2, 3, as are inconsistent with it, and leaves in force the first clause in § 2. Not repeating that clause, therefore, it does not use the phrase " action brought on such contract or assurance," but " on any contract or assurance." And with this variation of phraseology, if the subject matter of the statute were new, and we were called to construe it without any reference to previous legislation, its language might support the construction for which the tenant contends. But we are satisfied that, viewed in connection with the statutes which had preceded it, and especially with the provisions of the Revised Statutes upon which it was engrafted, no other change in the law was intended by this act than a change in the amount of forfeiture to be incurred by taking usury. We do not find that any report was made to the legislature, showing an intention to

38 *

open the defence of usury in any case in which it was not before available. This conclusion is confirmed by observing that the General Statutes, after the recent revision, have adopted the language of the Rev. Sts. *c.* 35, with only the substitution of the penalty given by *St.* 1846, and that the commissioners do not, in their report, suggest that any alteration in the law was thereby intended. And see *Hart* v. *Goldsmith,* 1 Allen, 149.

The question whether the tenant could avail himself of this defence, if the mortgagor or payer of the usury could do so, would deserve careful consideration if the result already reached were not decisive of the case. The demandant is entitled *to a Conditional judgment, without deduction for usury.*

*J. C. Davis,* (*C. Allen* with him,) for the demandant.

*T. W. Bacon,* for the tenant.