Jackson
v.
Tallmadge.

## JACKSON, *ex dem.* JOHNSON AND OTHERS, *against* TALL-MADGE.

Where a
tract of land
was surveyed,
by direction of
the surveyor-
general, and a
map made, the
lines of which
did not agree
with the sur-
vey, and the
land was then
patented to W.
who gave
deeds with the
map annexed;
but extensive
locations were
made and pos-
sessions taken
in the patent
according to
the survey,
*held,* that such
possessions
should not be
disturbed; but
that the sur-
vey, and prac-
tical location
under it, should
prevail over
the map.

After the
regular exam-
ination of wit-
nesses upon a
trial is through,
and the coun-
sel for the de-
fendant has
commenced
summing up, it
is in the discre-
tion of the
judge whether
he will hear
further evi-
dence.

EJECTMENT for land claimed to lie in the northeast sec-
tion of township No. 10, in Watkins & Flint's purchase,
in the county of Tioga, tried at the Circuit for that county,
July 22d, 1823, before NELSON, C. Judge.

It was admitted, at the trial, that the lessors of the plain-
tiff owned the northeast section, and the defendant the
southeast section, and the only question was as to the true
line between them. It was admitted that both parties
claimed title by deed of conveyance from John W. Wat-
kins, the patentee, to which was annexed an original or
printed map of the purchase. In 1791, Lawrence Vrooman
was employed by the surveyor-general, to run out the tract
into townships and quarter townships. He employed three
assistants, giving them directions how to run. They did
not, however, comply with these directions; but the map
was made out upon the supposition that they had run cor-
rectly. This produced a difference between the map and
survey; but extensive practical locations in the patent
were made in disregard of the map, and according to the
survey. The patent to Watkins, was dated June 25th,
1794. The question was, which should prevail, the map
or survey; if the former, the plaintiff was entitled to re-
cover; if the latter, the defendant. The premises in ques-
tion were actually occupied from 15 to 17 years under the
survey. A number of witnesses were examined upon the
the question, whether the lessors of the plaintiff had acqui-
esced in the survey.

After the regular examination of witnesses was through;
and while the defendant's counsel was summing up to the
jury, the plaintiff's counsel offered further evidence upon
the question of acquiescence, which the Judge refused to
receive, on the ground that it was too late.

The Judge charged in favor of the survey and against
the map line; and the jury found a verdict for the defend
ant.

*J. Blunt*, moved for a new trial.   As to the effect of the actual location, he referred to, and considered the cases of *Davis' Lessee* v. *Keeper*, (4 Bin. 161, 166,) and *Jackson* v. *Cole*, (16 John. 257.)

That the further evidence should have been received, he cited *Alexander* v. *Byron*, (2 John. Cas. 318,) and *Mercer* v. *Sayre*, (7 John. Rep. 306.)

*J. Tallmadge*, in person, contra, cited John. Dig. *Patent*, II. pl. 14, 15, 16, 22, and *Jackson* v. *Freer*, (17 John. Rep. 29.)

*J. A. Collier*, in reply.

*The Court* thought the verdict should not be disturbed; and

SAVAGE, Ch. J. (who delivered their opinion,) after stating the facts, adverted to, and relied on *Jackson* v. *Freer*, (17 John. Rep. 31.)   He said, the question there, as stated by Spencer, Ch. J. was, " Which shall prevail, the actual location of the lots on the ground, by marking and numbering trees at the corners, and by marking the lines of the lots, or the courses and distances which the map represents the lots as entitled to ?"   The Court decided in favor of the actual location.   The survey was considered as the act of the parties, though made by the agent of the surveyor-general, as in this case.   In *Jackson* v. *Ogden*, (7 John. Rep. 241,) it was said, that when the map and survey do not agree, a practical location, acquiesced in, is entitled to great weight.

In this case, the evidence of acquiescence in the location by the lessors of the plaintiff, was not very conclusive; and further testimony on that subject might have been satisfactory.   Such was offered after the counsel had commenced summing up, but rejected.   It was doubtless, discretionary with the Judge, to receive or reject it; and I cannot say that his discretion was not properly exercised.   From the case as it stands, I think a new trial should be refused.

New trial denied.