### TROTTER, DOUGLASS and DUNN *vs.* L. A. G. B. GRANT.

THIS was a motion to set aside the report of referees. The action was assumpsit, and had been referred by rule of court. The plaintiffs were forwarding and commission merchants in Albany, and the defendant a country merchant, residing in Orleans county. On the hearing, the plaintiffs produced an account current between them and the defendant, claiminga balance of $364 40. The account commenced in May, 1824, and ended in August, 1826. It consisted of charges for transportation of goods on the Hudson and on the canal, dockage, storage and drafts paid, amounting in the whole to upwards of $15,000, and of credits for monies received on sales of the defendant's property, to an amount leaving the above balance. The defendant admitted the principal items of the account, but objected particularly to one item of $84 80, which was charged in the account of the date of 30th September, 1824, as an account transferred from the books of Trotter & Douglass, which was a firm composed of *two* of the plaintiffs, previous to the third (Dunn) being admitted as a partner, and which account it was admitted was due to that firm. The defendant also objected

*New-York, May, 1829.*

Trotter
*v.*
Grant.

*Interest* cannot be charged by forwarding and commission merchants, on items of an account for freight, wharfage and storage; they are entitled to interest only on cash advances. Instead of allowing interest to their customers on monies received, *it seems* they may apply such monies to the satisfaction of annual balances, unless otherwise directed, and allow interest only on the excess beyond the charges.

to the charges of *interest* in the account, which was made up as follows : Balances were struck on the 31st March, 1825, 1st November, 1825, 1st April, 1826, and 1st March, 1827. Interest was charged on all *cash advances* from the date of the payment, and on all other items from the first of January in each year, until a balance was struck ; and the defendant was allowed interest on all credits up to the same time. When the account was balanced, the interest account was also balanced, and carried into the general account.    A clerk of the plaintiffs testified, that he was in the employment of the plaintiffs during a part of the time that the account accrued, that it was the custom of the plaintiffs to charge interest, as had been done in this instance, that he did not know that the defendant knew of the custom, or had ever settled any account with the plaintiffs, nor could he say that all the plaintiffs' customers had acceded to it.    On the 10th October, 1825, the plaintiffs wrote a letter to the defendant, in which they stated they were in advance for him about $1300. A letter of the defendant of the date of 3d November, 1825, was read, in which he says, " As soon as I can get down some staves, I shall start for New-York, to make some arrangement to pay you your demand ;" and another of the date of 8th December, 1825, in which he says, " I have been trying to raise some money, in order to send you the balance of your account, but," &c.    It was proved that a few days before the hearing, an account of the plaintiffs carried down to 31st March, 1825, claiming a balance of upwards of $400, and in which was included the charge of $84 80, was seen in the possession of the defendant, who observed that he always disputed that charge, objected to the interest and claimed a balance.    The referees allowed the charge of $84 80, and interest, not only on the cash advances from their several dates, but on all other charges for freight, wharfage and storage, from the first of January in each year until a balance was struck.    They credited the defendant with interest on his payments, balanced the accounts on the first of April in each year, and reported the sum of $251 54 in favor of the plaintiffs ; which report was now moved to be set aside.

*S. A. Foot,* for the defendant.

*J. Edwards,* for plaintiffs, who cited 5 *Cowen,* 611, and 6 *id.* 195, as to the custom of the store.

*By the Court,* SUTHERLAND, J. The referees ought not to have allowed the transferred account of Trotter & Douglass, nor interest on any items except those for cash advanced. The transferred account was with, and originally due to Trotter and Douglass, a different firm from the plaintiffs, and there is no evidence of the assent of the defendant to the transfer of that account to the account of the present plaintiffs; nor is there any evidence of any agreement, on the part of the defendant, either express or implied, for the payment of interest.

A clerk of the plaintiffs testified, that it was the custom of the plaintiffs to charge interest, as in this account, but he could not say that the custom had been acceded to by all the plaintiffs' customers, and did not know that the defendant knew the custom of the store, or that he had ever settled any account with the plaintiffs. There is no evidence of any detailed account having ever been rendered to, and acquiesced in by the defendant. An account is proved to have been in his possession about the time of the hearing, but the witness who saw the account also testified, that the defendant then said that he always disputed the transferred account, and objected to the charge for interest. The letters of the defendant of the 3d of November, and the 8th Dec. 1825, speak of his intentions and desire to pay the balance due to the plaintiffs; but there is nothing to shew that he had any evidence of such balance, except the mere statement of the plaintiffs. They do not prove that an account in detail had been rendered. If such had been the fact, it is surprising the plaintiffs could not prove it by some more satisfactory evidence.

The referees allowed the defendant interest on all the cash paid by him from the day of payment. If there was no express direction on the part of the defendant as to the application of his payments, (and there appears to have been none,) the plaintiffs had a right, as I apprehend, to apply

NEW-YORK, May, 1829.

them, in the first instance, to such part of their account as they thought proper, and I perceive no objection, in principle, to the referees applying those payments to satisfying the annual charges, as far as they were due at the time, and allowing interest only on the excess beyond .those charges, if any. The manner in which the plaintiffs kept their account, may well warrant the presumption that they intended so to apply the payment. The report must, therefore, be set aside, and referred back to the same referees, under the above directions.