Esterly *v.* Cole.

---

. SAME TERM. *Before the same Justices.*

### ESTERLY *vs.* COLE.

Interest is not recoverable on a running or unliquidated account, unless there is an agreement, either express or implied, to pay interest.

Such an agreement will be implied, when it appears it was the uniform custom of the merchant or manufacturer giving the credit, to charge interest after a certain time, and that such custom was known to the dealer.

Dealers are not presumed to know such customs: the knowledge must be established either by positive evidence, or by circumstances from which it may be inferred.

The syllabus of the reporter to the case of *Reab* v. *McAlister*, (4 *Wend.* 483,) corrected.

Where there is evidence on both sides upon a question of fact, the verdict of a jury, or report of referees, will not be set aside on the ground that it is against the weight of evidence.

Esterly v. Cole.

This was a motion in behalf of the defendant to set aside a report of referees, on the ground that interest had been improperly allowed on the plaintiffs' account. The plaintiffs were merchants, doing business under the name of M. Esterly & Co., at the town of Plattekill, in the county of Ulster; and the store-house occupied by them belonged to the defendant, who had been a regular customer, at the store of the plaintiffs, from January 1, 1837, till the 1st of May, 1840. The amount of the plaintiffs' account, exclusive of credits, was $1669,92, and the credits to the defendant, were $982. The plaintiffs claimed they were entitled to charge interest after six months on the articles sold by them and included in the account. This claim was resisted by the defendant, but allowed by the referees; who made a report in favor of the plaintiffs for $1144,03.

*John Cole*, the defendant, in person.

*M. Schoonmaker*, for the plaintiffs.

*By the Court*, PARKER, J. The rule is well settled that interest is not recoverable on running or unliquidated accounts, unless there is an agreement, either express or implied, to pay interest. (*Newall* v. *Griswold*, 6 *John. Ch. Rep.* 45. *Trotter* v. *Grant*, 2 *Wend.* 413. *Wood* v. *Hickock*, 2 *Id.* 501.) If it appears that it was the uniform practice of the merchant to charge interest after a certain time, and that such practice was known to the debtor, an agreement to pay interest in accordance with it is implied. (*Reab* v. *McAlister*, 8 *Wend.* 109.) In the report of that case in the supreme court, (4 *Wend.* 483,) the reporter has stated the decision in the syllabus as follows: "A merchant or manufacturer whose uniform custom it is to charge interest, after ninety days, upon articles sold or manufactured by him, is allowed to charge interest accordingly to those who are in the habit of dealing with him, they being presumed to know such custom, and to act in reference thereto." The language of Justice Marcy does not warrant the statement of such a rule; nor can it, thus broadly stated, be main-

Esterly *v.* Cole.

tained, by authority, or on principle. The dealers are not presumed to know the existence of such a custom. Whether the custom is known to the dealer, is a question of fact, depending either on positive evidence, or on circumstances from which knowledge may be inferred. The existence of such a custom, therefore, and the dealer's knowledge of it, are facts to be decided by the jury, or, as in this case, by the referees.

In the case now before us, witnesses were examined on both sides on each of these points. On the part of the plaintiffs, there was evidence to show it was their uniform custom to charge interest on such accounts, after six months. Van Orden, one of the witnesses called by the defendant to disprove such a custom, stated that his account never stood six months without settlement. Stewart testified that the balance which stood against him over six months, and on which the plaintiffs did not charge interest, was only four or five dollars. Gregory testified that he had kept about even with the plaintiffs, and there was not much difference in the accounts. Fowler said, that though when he was dealing with the plaintiffs, he was ignorant that they had a custom of charging interest, yet when he came to settle his account, he found it included—" a heavy bill for interest." The referees probably considered the omission to charge interest on the balance of four or five dollars an exception to their general custom, made on account of the smallness of the sum, and regarded the evidence of Fowler as tending to sustain the alleged custom of the plaintiffs, by showing that they charged him interest.

It was conceded that eight more witnesses would have testified to the same effect as Gregory and Fowler; but such testimony would have added little if any thing to the strength of the defence, and the referees must have come to the conclusion that the custom of the plaintiffs to charge interest was satisfactorily proved.

There were also circumstances proved tending to show that the defendant knew of the existence of this custom. He had settled with Ostrander, who kept the store next before the

plaintiffs, and to whose business the plaintiffs succeeded, and had paid him interest after six months, on a similar account.

There was also evidence to shew that it was the general custom of the merchants in that neighborhood to charge interest after six months; and we think this testimony competent, as tending to establish the defendant's knowledge of this custom. The plaintiffs were the tenants of the defendant in the occupation of the store, and the defendant was a member of the legal profession residing in the vicinity. The referees were much more competent than we are to judge from all these circumstances whether the custom, as alleged to exist, was known to the defendant.

The referees have found against the defendant on both these questions of fact, and such finding is as conclusive upon this court as the verdict of a jury. (*Eaton* v. *Benton*, 2 *Hill*, 576.) The evidence was conflicting; and there is no such decided preponderance of proof in favor of the defendant as will justify the setting aside of the report. (*Keeler* v. *Fireman's Insurance Company*, 3 *Hill*, 250. *Douglass* v. *Tousey*, 2 *Wend*. 352.)

The motion to set aside the report of the referees must therefore be denied.

