## Lee & Brewster *vs.* Hardgrave *et al.*

An action was brought in the County Court by plaintiffs as co-partners. Upon the trial a contract signed by defendant, in which the plaintiffs were referred to by their co-partnership name, was produced and proved, under several objections by defendants counsel, but what the objections were did not appear by the return made to the certiorari, and there was no direct evidence as to plaintiffs' co-partnership. *Held,* that proof of such a co-partnership being necessary to a recovery, plaintiffs (in the absence of direct proof as to that point) were bound to show affirmatively, that the nature of defendants' objections to

the introduction of the agreement in evidence, was such as amounted to an admission of the co-partnership, or what was equivalent, to a waiver of proof of it. It was incumbent on plaintiffs to show to this Court, that said objections did not relate to the question of co-partnership.

Plaintiffs alleged in this Court as error, that the judgment of the County Court was uncertain, &c., but having omitted to assign this as error in the Circuit, (where judgment was taken by certiorari,) whereby defendant was deprived of an opportunity to procure an amended return, they are estopped by such omission from alleging such error in this Court.

The County Judge, in his return to a certiorari, set forth that he rendered judgment of "no cause of action, nonsuit, I think," but as the judgment was rendered upon proofs and a submission on the merits, it will be deemed in law a judgment for defendant, and not a nonsuit.

After the submission of a cause, two successive arguments thereafter, and the lapse of several weeks, the refusal of the Court to open the cause and receive additional proofs cannot be assigned as error.

Error to the Jackson Circuit.

The case is fully stated in the opinion of the Court.

*Davidson & Holbrook*, for plaintiff.

*Livermore & Wood*, for defendants.

By the Court, Wing, J.

This cause was commenced and tried in the County Court for the County of Jackson, and removed by certiorari to the Circuit Court, and is now brought to this Court by writ of error.

The declaration states that the plaintiffs *as partners* in trade, doing business in the city of New York under the name, firm and style of Lee & Brewster, complain of the defendants as partners under the name and style of John Hardgrave & Co. It contains two special counts in proper form, upon the following agreement:

" We agree to having purchased the above bill of prints from Lee & Brewster, to be shipped by them to their agents, Jack & Coats, Detroit, to whom before delivery we agree to

give a note at four months from date of bill, satisfactorily endorsed, and to receive the goods, paying the expenses, freight, &c., thereon.

"JOHN HARDGRAVE & Co.

"New York, Oct. 22, 1848."

The defendants filed their plea of the general issue.

On the trial, on the 19th March, 1850, Jerome M. Treadwell being sworn for the plaintiff, testified that he presented the paper (of which copy is given above) in his hands to the defendants in November last, the first time. Witness was asked, what did the defendants say in relation to the signature? To this question the defendants' counsel objected, and the objection was overruled, and defendants excepted. Answer: Macomber admitted the execution of the instrument in the presence of John Hardgrave, who stood by and did not object. They composed the firm of Hardgrave & Co. They had been doing business as a mercantile firm during the fall past.

The plaintiffs' counsel then offered the above agreement in evidence, which was objected to by the defendants' counsel for several reasons, which were overruled and the defendants excepted.

The agreement was then read.

Witness states that he drew a note according to the contract, and presented both the note and the agreement to the defendants at various times, and at one time when he presented the agreement, they acknowledged the receipt of the goods and exhibited a bill of the goods to the witness, amounting to (here defendant objected to parol evidence of the bill, which was overruled) $363 43, and showed witness a portion of the goods they had on hand under the purchase. The defendants said they would, but they did not, give a note. I demanded the giving of a note according to the agreement, and presented one of them to be executed, but they did not execute it. Hardgrave said they could not get an endorser.

On cross examination witness says: both of the defendants admitted the receipt of the goods mentioned in the agreement. Witness was acting as attorney for plaintiff.

The defendants did not offer any evidence.

The cause was then argued by the counsel of the parties, and by their consent adjourned to the 25th March, "the same term of the Court," to be then argued by the respective counsel, if they desired it; and on the 25th of March, by consent of counsel, it was farther adjourned or continued to the 8th day of April, 1850. On the 8th day of April, the parties were called, and the plaintiffs answered by J. M. Treadwell, who had acted as counsel for them in the trial, and defendants answered by their attorney, J. C. Wood.

The Court inquired of the respective counsel if they had any more authorities, or desired to argue the cause before the Court. Both of the parties declined to produce any farther authorities.

The counsel for the plaintiffs then proposed to give evidence of the fact, that the plaintiffs in this cause were partners in trade and doing business under the firm of Lee & Brewster.

The Court refused to receive the evidence, and then and there rendered judgment against said plaintiffs and in favor of said defendants, for costs of suit to be taxed.

The plaintiffs, deeming the return insufficient, procured an amended return, under the order of the Circuit Judge, in which the County Judge certifies that there was no testimony offered on the trial of this cause before him, showing the partnership of the plaintiffs; their partnership was not proven, and that all the proof in the cause was fully stated in the first return.

The Judge further certifies and returns, that "on the 8th day of April, 1850, I called the parties in said cause. Both appeared and answered by their respective attorneys. The plaintiffs' attorney desired to give additional evidence in the

cause, to wit: that the plaintiffs were partners in trade, and doing business as such in the city of New York. I refused to receive the testimony, the cause having been submitted. I thereupon rendered judgment of no cause of action. I think nonsuit against the plaintiffs, and costs of suit to be taxed." .

The errors assigned in this Court are:

1. That the judgment should have been given for the plaintiffs against the defendants.

2. It appears from the return of the County Judge, made in this cause to the Circuit Court, that the judgment so rendered was uncertain, informal and insufficient.

3. The judgment was a judgment of nonsuit against the said plaintiffs and in favor of the defendants, and the Court has no right or authority to render such a judgment.

4. The County Judge erred in refusing to consider the proofs offered by the plaintiffs' counsel in reference to the partnership of the .plaintiffs.

5. And also for that the decision of said cause in the County Court was made at a time subsequent to the adjournment of the Court, and at a term of said Court not fixed and provided by statute.

There is a joinder in error.

Upon the first error assigned, we remark that it was obviously the duty of the plaintiffs to have proved that they were partners, and that they constituted the firm of Lee & Brewster, before introducing proof relating to transactions between Lee & Brewster and the defendants. Instead of doing so, the witness sworn in their behalf proceeded to testify in relation to a paper which he held in his hand. Having stated that he had presented it to the defendants, he was asked what they said? To this question the counsel for the defendants objected and the objection was overruled. The witness replied, they admitted the execution of the instrument. The plaintiffs then offered the agreement in evidence, to which the de-

11

fendants objected, and alleged several reasons.    These reasons are not given in the return.

It was not incumbent on the defendants to object to the previous evidence to enable them to resist the reception of the agreement in evidence.    It was the right of the plaintiffs to obtain the evidence already received before the defendants could claim the right to examine the agreement, for until the witness had identified the paper, and proved the signatures of the defendants, an objection would have been useless; but when offered in evidence he had the right to see and examine it, and make his objections, or cross examine the witness. Until the offer was made and the defendant had an opportunity to examine the paper, he waived no rights.    We cannot know the reasons for the objection; but as the right of the plaintiffs to recover, must be founded upon the assumption that the defendants, by admitting the evidence without objection, waived proof of the partnership of the plaintiffs, they must make it appear (at the least) probable that the defendants' conduct was such as to amount to an admission of the partnership, or (what is the same thing) that they waived it. It was therefore incumbent upon the plaintiffs to show this Court that the defendants' objections did not relate to this point.    It is no answer to say that the defendant should have shown what were his objections, the laboring oar was on the plaintiff.    The return of the judge states explicitly that there was no proof offered in relation to the partnership of the plaintiffs, and it also states that the defendant did object to the admission of the agreement in evidence, and that he stated several reasons.    We think we cannot presume that the objections did not relate to this point, or that defendants waived the proof which ought to have been previously made.

As to the second and third errors alleged, we say we have not a transcript of the record of the judgment before us, and these ojections were not alleged in the Circuit Court.    If there is any uncertainty as to what the judgment was, the plaintiff

by his omission to assign this as error in the Circuit Court deprived the defendants of the opportunity of procuring an amended return, which might have shown that the judgment was as he claims it to be.   The plaintiff was bound at his peril to show that the Court did err in their entry of the judgment to his prejudice, for the presumption is in favor of the correctness of the proceedings of the County Judge until the contrary plainly appears.   Nothing must be left to conjecture, and if the proof is so loose as to leave the matter in doubt, the proceedings below must be sustained, notwithstanding there may be some reason to suspect that an error might have intervened.

In the return of the County Judge we have first, his statement that he rendered a judgment for the defendants and against the plaintiff for costs, subsequently and in his amended return, he says he rendered a judgment of " no cause of action, I think nonsuit."   The form of judgment first stated by him would have been correct if he intended to render such a judgment.   He could not nonsuit the plaintiff after the proofs had been received, and the cause submitted to him upon the merits.   It is conceded by the counsel for the defendants that a judgment was rendered against the plaintiff, and if so we must presume it was rendered in the form first stated; and if it was not, but was in form a judgment of nonsuit, the effect is the same as if it had been no cause of action.   (*Hess* vs. *Beekman*, 11 *J. R.* 457; *Elwell* vs. *McQueen*, 10 *Wend. Rep.* 519; *Brintnall* vs. *Foster*, 7 *Wend.* 103; *Shall* vs. *Lathrop*, 3 *Hill* 237.)

As to the fourth error, we cannot say that the Judge erred in refusing to receive additional evidence after the case had been fully submitted, and after two adjournments of the cause, and many weeks had elapsed and no previous notice had been given of the intention of the plaintiff to offer additional evidence.   It was a matter in the sound discretion of the Judge, to say whether he would or would not open the cause and re-

ceive additional evidence. Under the circumstances stated in this case, we think he did not err in this respect, and if he did, this Court could not review his decision. See 21 Wend. 454; 7 Cranch 565; 9 Verm. 271; 4 Cow. 450; 4 Wend. 249; 6 Id. 280; 19; Id. 569. Again, this ruling of the Court was not excepted to, and therefore the point cannot be raised here. (17 *Wend.* 257; 24 *Wend.* 496.) It will be considered as waived.

As to the fifth point of error, we need only say, that the law to which reference is made in Sess. Laws of 1850, p. 38, had no application to this case, which had already been tried, and the Court had adjourned from time to time, for the purpose of making up and delivering decisions in cases already submitted, and the act in question in nowise controlled the right of the County Judge to do so.

The fifth point has nothing in the return upon which to rest. The County Judge explicitly denies that he decided the cause and rendered judgment after the Court was adjourned.

Judgment affirmed.