By the Court—Bosworth, Ch. J.
The appeal from the judgment brings under review only the exceptions taken during the progress of the trial. It does not raise the question whether the verdict is against evidence. That can only be considered at General Term on an appeal, from an order denying a motion for a new trial, taken under section 849 of the Code.
*508 Dr. Rowland testified as an expert as to the effect produced on the plaintiff, by facts within his own knowledge. He spoke of the effect of injuries which he had seen, and in respect to which he was consulted at the time of their occurrence, and which he treated professionally. We think there was no error in his being allowed to answer the questions, “ What is the effect of these injuries upon the plaintiff?” and “What effect did it have upon his mind ?” or in receiving as evidence his answers to such questions..
The Court, in its discretion, may limit the party as to the number of witnesses to be examined as to what occurred, at a given time and place, between the parties. If he exercises his discretion to the actual prejudice of .either party, his decision in that respect is not the subject of an exception which can be reviewed on an appeal from the judgment. In this case, when the plaintiff rested, but two witnesses had been examined as to what occurred in the defendant’s store while the plaintiff was there. Neither of these two witnesses was present the whole time—one having been turned out soon after he entered it, and the other having got admission but a short time before the plaintiff was permitted to leave it.
The defendant examined six witnesses as to what the defendant did and said, and what the plaintiff said. The additional witnesses whom the plaintiff proposed to examine, were- called “ as to the same matters as already proved by the other witnesses.” Nothing new, or additional to, or variant from that to which the six had testified, was offered to be proved. On the contrary, the purpose to give such evidence was disclaimed.
The practice of interposing to prevent the examination of an unnecessary number of witnesses called to testify to the same fact, has long prevailed at the Circuits. A useless repetition of witnesses cannot further the cause of justice, and is discountenanced by the law. (1 Cow. & Hill’s Notes, 896.)
The exercise of that discretion- is not the subject of an exception. If probable prejudice has resulted from it, in the trial of any cause, the remedy is a motion for a new trial, on a case.
The defendant, who complains, in this case, that he was not permitted to call more witnesses, examined twice as many as the plaintiff, in respect to the occurrences in defendant’s store, and we *509 think he could not have been prejudiced by not being allowed to examine more who would testify as those did whom he had examined.
It was not error for the court, after the, defendant had rested and the plaintiff had concluded his rebutting evidence, to refuse to allow the defendant to introduce additional witnesses, “ as to what occurred in defendant’s office, in corroboration of those who had already testified.” That is a matter purely in the discretion of the Court. (Shepard v. Potter, 4 Hill, 202; 1 id., 300; 20 Wend., 225; 3 id., 376; 4 Cow., 450; 5 Hill, 286.)
These views dispose of all the questions arising upon the appeal from the judgment.
The questions yet to be considered arise upon the appeal from the order denying a motion made by the defendant for a. new trial.
The notice of that motion was not served until after judgment had been perfected, and the judgment roll filed, and was not in fact made until several months subsequent to the taking of the appeal from the judgment.
By the settled practice,' as it existed prior to the enactment of the Code, a motion for a new trial could not be made on a case, or on the ground of newly discovered evidence or of surprise, after judgment had been regularly perfected. (Jackson v. Chace, 15 J. R., 354; Rapelye v. Prince, 4 Hill, 125; Roosevelt v. The Heirs of Fulton; 7 Cow., 107.)
Chapter 128 of the act of 1832, (Laws of 1832, p. 188,) allowed a bill of exceptions, duly made and settled, in an action in the Supreme Court, to be argued, notwithstanding judgment had been perfected.
In the several Courts of Common Pleas, except that for the city and county of New York, a bill of exceptions taken in them was not argued in such Court, but was heard on a writ of error from the Supreme Court.
The practice under the Code is the same as before it was enacted.
“A motion for a new trial,” on a case or exceptions, or otherwise, may be made under section 265 of the Code. When the Code, or the rules adopted under it, have not otherwise provided, the preexisting practice must be pursued. (Code, § 469.)
*510 To secure the right to be heard on “ a motion for a new trial ” on a case, a stay of proceedings must be procured, or an order obtained, that judgment, if entered, be entered not absolutely but as security merely. (Benedict v. Caffee, 3 Duer, 669.)
If the judgment entered be absolute and unconditional, the party loses his right to be heard on a case. If a bill of exceptions has been settled, the exceptions may be heard on an appeal from the judgment, taken under section 348 of the Code, although no motion was made at Special Term for a new trial.
The defendant is not in a condition, therefore, to move for a new trial on the ground that the verdict is against evidence, or that the damages are excessive, or for anything that occurred in open Court, to which no exception was taken.
The separation of the jury, without the consent of the Court, is not, ■per se, sufficient to entitle the defendant to a new trial.
That two of the jurors eluded the care of the constable, left the jury room, and one of them remained all night- at a neighboring tavern, (Smith v. Thompson, 1 Cow., 221, n. a,) has been held not to be enough to set aside the verdict, if there be no suspicion of abuse. (Vide 3 Cow., 355; 4 id., 26, 38; 5 id., 283; 2 Wend., 52; 3 J. R., 252; 7 id., 32; 4 Barn. & Ald., 430.)
There is nothing shown justifying the inference that the jurors separated from any improper motive, or thought that they were thereby violating their duty. It is perhaps just to infer that the officer allowed them to separate, believing at the time that he was at liberty to do so, with the approbation of the court, on their failing to agree after being kept together as long as they were kept.
There is no pretense that, while separated, any one conversed with either of them in relation to this suit, the parties to it, the evidence given on the trial, or the witnesses.
There is no reason, therefore, to suspect that the plaintiff was prejudiced by the mere fact of their separation.
The defendant’s attorney, while he declined to express any assent to the jury being sent out a second time, also declined to dissent. He “stated to the court that he was unwilling, in the absence of the defendant’s counsel, to express either assent or dissent.” This was said in response to the observation of the presiding Judge, “that if no objection was made by them,” (the attorneys,) “ he should send the jury out again.”
*511 This was clearly leaving it to the Judge, without objection, to take such course as in the exercise of his discretion he thought would promote justice between the parties.
We think, therefore, that a new trial should not be granted on account of the separation of the jury merely.
The affidavit of the juror, John ■ Gibbons, that Mr. Bradley, another of the jurors,'stated the matters detailed in the affidavit of the former, is denied by Bradley, and-the latter is corroborated by the affidavits of five other jurors. Mo juror corroborates Mr. Gibbons, by stating that any such or any other communication was made by Bradley.
Under such circumstances we cannot, with any propriety, interfere with the verdict, on the assumption that any such communication was made, even if the fact that it was made could be shown by the affidavit of a juror, to impeach the verdict of the jury.
Mo part of the charge to the jury is contained in the case. We have no right to presume that it was prejudicial to the defendant, or adverse to the views of the law applicable to the case, on which his counsel insisted.
It is not a case in which the Court would be justified in interfering with the verdict, on the ground that the damages are excessive. Being of the opinion that the defendant was not prejudiced by not being allowed to examine more than twice as many witnesses as the plaintiff did, as to what occurred while the plaintiff was in the defendant’s store, and that a new trial cannot be granted on the other grounds on which it is sought; the judgment and order appealed from must be affirmed, with costs.
Affirmed accordingly.