By the Court. Bosworth, Ch. J.
—The complaint alleges that on or about the 28th of January, 1859, “ George Wade let and rented to the defendant,” * * the house and premises No. 44 West 28th street, New York city, for the term of three months, commencing February 1, 1859, for the sum of $200, which sum the defendant then promised to pay to Wade on the 1st of May, 1859. That it was then further agreed between them, at defendant’s request, “that the said premises should be used and occupied by one Mrs. Benjamin F. Jarvis for the term aforesaid,” and that by virtue of said agreement, she did use and occupy them during the said term; that the rent has been demanded of the defendant, and he refused to pay it; that on the 22d of November, 1859, Wade assigned the said claim to the plaintiff, and it prays judgment for $200, and interest from May 1st, 1859.
The answer puts all the material allegations of the complaint at issue.
The action was tried on the 29th of March, 1860, before Mr. -Justice Moncrief and a jury.
The plaintiff called but one witness. The testimony tended to show that on or about January, 1859, the defendant, then owning the premises in question, sold and con *463 veyed them to Mr. Wade; and the latter sold and conveyed property in 22d street, then owned by him, to the defendant, and that Mrs. B. F. Jarvis was then occupying No. 44 West 28th street. The witness called by the plaintiff (Mr. Henry C. Place) testified that on the 28th of January, 1859, he was present at an interview between Wade and the defendant, when “Mr. Wade came to receive the deeds of No. 44 West 28th street; some relative or friend of Mr. Jarvis was in possession, and it was agreed that she should remain'there; Mr. Jarvis agreed to give Mr. Wade rent at the rate of $800 a year, for three months; Wade agreed to that; it was a verbal agreement: the tenancy was to terminate three months from 1st of February, to-wit: 1st May.” The deeds were delivered on the 28th of January, 1859.
Being cross-examined, he said: “I do not know that I can state exactly the language used; Mr. Jarvis asked Mr. Wade.to permit Mrs. Jarvis to remain for three months, stating he would pay the rent; Mr. Wade Avanted rent at the rate of $850, but it was eventually agreed to be at the rate of $800; there was not, at that time, anything else said.”
This is the whole evidence given by the plaintiff as to the fact of the defendant’s hiring the premises and promising to pay the rent.
The defendant called John McClave as a witness, who testified thus: “lam a real estate broker; I acted as broker in this transaction, for Wade principally, and somewhat for Jarvis; I was present at several interviews between Wade and Jarvis in relation to this transaction.” The witness was then asked these four questions, viz :
“Q. What was the agreement between Wade and Jarvis as to the rents accruing from these several properties, and which agreement was contingent upqn the transfer ?
“ Q. Who negotiated the transfer of the property and the details connected with it ? .
“ Q. In that negotiation, was the subject of the quarter’s rent from February to May, 1859, settled between the parties and yourself?
*464 “ Q. Did you hear any conservation between Wade and the defendant about the rent of the quarter referred to? If so, state the language used ?”
Each of these questions, when it was put, was objected to by the plaintiff; the objection was sustained, and the decision was excepted to.
The ground of their objection is not stated, nor is the ground of either ruling stated.
The respondent, in his points, argues that the last question “was too general; it should have been definite as to time, as witness was not present when the agreement between Wade and defendant was made.”
If by this, it be meant that the testimony was properly excluded, because it did not relate to conversations occurring at the interview testified to by Mr. Place, the position is untenable. Whatever was said by Wade, in any interview between him and Jarvis, whether before, after, or on that day, was competent, if pertinent.
We think the judge could not have overruled the questions on that ground, as» he allowed the defendant subsequently to prove, by Robert B. Catherwood, conversations between himself and Wade, occurring in March or April, 1859, and also in or about June, 1859, and charged the jury that, “if they believed the testimony* of the witness Catherwood, the plaintiff could not maintain this action.”
Hence the judge can hardly be supposed to have overruled the questions, because they did not relate to conversations had at the interview on.the 28th of January, 1859, in respect to which Mr. Place had testified.
The agreement, on which the plaintiff relies, he sought to establish by evidence of a conversation between Wade and Jarvis occurring on that day, the day on which they exchanged deeds. It was a verbal agreement, whatever it may have been, and related to the property conveyed by the deed from Jarvis to Wade.
The questions put to Mr. McClave might have elicited testimony, had they been answered, which would have .satisfied the jury that the impressions of Mr. Place, as to *465 the conversation of which he testified, were entirely inaccurate ; and that the position of the parties was such as the evidence of Catherwood tended to show it was, and thus have so far corroborated his testimony, that the jury would have believed it, and given a verdict for the defendant.
Mr. McClave had acted as broker ■ in the transaction; was present at several interviews between Wade and Jarvis in relation to it; and we must assume that he might have testified that - he negotiated the transfer and the details connected with it; and that in such negotiation “the subject of the quarter’s rent to May, 1859, was settled between the parties ” and the witness.
Such testimony was clearly competent, and should have ■been received. If it related to conversations had, or any agreement as to this quarter’s rent, made prior to January 28, 1859, then the practical question might have been, if it showed a clear and precise agreement, whether such agreement was modified on the 28th of January.
But whatever the questions which it might have raised, it is quite evident that the evidence, in connection with that which was received, might have satisfied the jury that no such agreement-was made as that which the evidence of Mr. Place, standing alone, tends to establish.
And it might have so satified them, without at all questioning the good faith of Mr. Place’s testimony. As the evidence was competent, and the court is ignorant what it would have been, it cannot assume, for the purposes of this appeal, that it would have been immaterial.
The questions were pertinent, and we must assume that the evidence would have been material. The questions pointed to the subject of this quarter’s rent, an arrangement between Wade and Jarvis in regard to it, and called for what was said between them, and the language used.
We think an error was committed in overruling the last three questions. The judgment, therefore, must be reversed, and a-new trial granted, with costs to abide the event.
Judgment accordingly.