## WM. S. GODBE, *Respondent, v.* BRIGHAM YOUNG, TRUSTEE-IN-TRUST OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, *Appellants.*

(See same case in 15 Wallace, 562).

1. By the interposition of an untenable objection only, to the introduction of evidence, all other objections are waived.
2. The question whether the Plaintiff, after the Defendant has rested, may again introduce evidence in chief, or shall be confined to rebutting evidence, is entirely in the discretion of the Court.
3. If no objection is made within a reasonable time to an account stated, assent thereto may be presumed.
4. An account stated carries interest from the day of its liquidation.
5. In actions of contract, interest is allowed as a legal right. In many other cases it may be allowed, in the discretion of the jury.
6. Where interest is allowable, and the contract does not fix the per centage, it is regulated by the Statute, if there be a Statute. If there be no Statute, a reasonable rate of interest should be allowed by the jury by way of damages.

Appeal from the Third District Court.

The Plaintiff claimed judgment against the Defendant, on the following alleged state of facts, to-wit: That in the spring of 1865, the Plaintiff, at the request of the Defendant, advanced to the latter, " to be used in the construction of the Deseret Irrigation and Canal

Co.," goods of the value of $10,020 27; that on the 12th day of February, 1866, an account was stated by the plaintiff to the Defendant for the said sum, to which the Defendant made no objection; that on the 30th day of May, 1868. the Defendant paid the Plaintiff thereon the sum of $5.000. The Plaintiff claimed judgment for the balance, with interest on said stated account at the rate of 10 per cent. per annum, from February 12th, 1866, to May 30th, 1868, and interest on the balance then remaining due. at 10 per cent. per annum from said 30th day of May, 1868 until paid, (such interest being by way of damages).

The Defendant, in his answer, denies that there was ever any account stated between the parties hereto; and denies that there was found to be due the Plaintiff from the Defendant, as said Trustee. the sum charged in the complaint, or any other sum.

The complaint and answer are verified. The cause was tried in the Third District Court, at the July Term, 1870, before Mr. Justice Strickland and a jury.

The jury rendered a verdict in the following language:

We, the undersigned jurors, hereby find for the Plaintiff in the sum as claimed by him, viz: The amount of $10.020 27, with interest from the 12th day of February, 1869, up to the date of payment of the $5,000, acknowledged May 30th. 1868, and interest on the remaining balance up to date, at the rate of 10 per cent. per annum —total amount, $3,382 76."

The Defendant appeals. Other facts appear in the opinion of the Court.

*Marshall & Carter* for Respondent.

*Snow & Hoge* for Appellant.

McKEAN, C. J., delivered the following opinion:

1. The testimony of Rodford, and the written correspondence of the parties to the record, introduced in evidence, authorized the jury to find, as they did find, that Brigham Young, and the " Deseret Irrigation and Canal

Company," and the "Trustee-in-Trust of the Church of Jesus Christ of Latter-day. Saints," were one and the same; and the same evidence authorized the jury to find, as they did find, that the Plaintiff's account against the "Deseret Irrigation and Canal Company," was properly rendered to the Defendant, through the Defendant's proper agent, on the 12th day of February, 1866, and that the stated balance was then found to be due to the Plaintiff from the Defendant. (Terry *v.* Sickles, 13 Cal. 427; Powell *v.* Noye, 23 Barb. 184; Lockwood *v.* Thorne, 11 New York, 170).

2. After the parties had rested, the plaintiff called one Armstrong as a witness, who testified that Lawrence had told him that Kimball & Lawrence once had an account against the "Deseret Irrigation and Canal Company." which the "Trustee-in-Trust had settled by giving credit on tithing. This was hearsay testimony, and was improper. But the Defendant's counsel objected, for the reason that the evidence was not in rebuttal, and was therefore illegal." This objection was not tenable, and every other was waived by interposing it. (Jackson *v.* Hobby, 20 Johns., 357; Norman *v.* Wells, 17 Wend., 136; Potter *v.* Dayo, 19 Wend., 361.; Elwood *v.* Deifendorf, 5 Barb., 398; Merritt *v.* Seaman, 6 Barb., 330; Ballows *v.* Sackett, 15 Barb., 96; Smith *v.* Hill, 22 Barb., 656; Newton *v.* Harris, 2 Seld., 345).

Whether, after the Defendant had rested, to allow the Plaintiff again to introduce evidence in chief, or to confine him to rebutting testimony, was entirely in the discretion of the Court. (People *v* Mather, 4 Wend., 229; Clark *v.* Voca, 15 Wend., 193; Morris *v.* Wadsworth. 17 Wend., 103; Ford *v.* Niles, 1 Hill, 300; Jackson *v.* Tallmadge, 4 Cow., 450; Bedell *v.* Powell, 13 Barb., 183; Peckham *v.* Lary, 6 Duar., 495; Anthony *v.* Smith, 4 Bosw., 503; Railroad Co. *v.* Stimpson, 14 Pet., 888; Lewis *v* Payne, 20 New York, 58; and 13 Abb. Pr., 1.

3. The letters introduced in evidence by the Plaintiff after the evidence had rested, were part of the *res gesté*, and whether they tended to make out the Plaintiff's case

or to rebut the Defendant's, they were equally admissible. (Haley v. Jarvis, 7 Bosw., 461; Rouse v. Whithed, 25 New York, 170; Livermore v. St. John, 4 Rob. N. Y. 12.)

It has even been held, though it is not necessary to go to that length here, that "where one party produces the letter of another, purporting to be in reply to a previous letter from himself, he is bound to call for and put in the letter to which it was an answer, as part of his own evidence." (Watson v. Moore, 1 C. & Kir., 626; Roe v. Day; 7 Car. & Payne, 705; 1 Greenleaf on Ev., Secs. 108 and 201, and notes.)

4. The Court was correct in charging the jury that "if the Defendant did not object within a reasonable time to an account presented to him, his assent may be presumed, and will support an action upon an account stated; and also that, "If when an account is rendered, no objection is made to it, it is to be considered liquidated from the time it is rendered." (Walden v. Sherburne, 15 Johns., 409; Hall v. Morrison, 3 Bosw., 520; Case v. Hotchkiss, 3 Abb. N. S. 381; Hutchinson v. Bank, 48 Barb., 302; Crane v. Hardman, 4 E. D. Smith, 448; Bainbridge v. Wilcocks, Baldw., 536—3d Circ. Pa.)

5. Prior to the 14th day of February, 1868, there was no Territorial Statute on the subject of Interest, in Utah. At that time it was enacted, "That it shall not be lawful to take more than 10 per cent. interest per annum, when the amount of interest has not been specified or agreed upon." ("Laws of Utah, 1868, chap. 13, p. 15.) But on the 19th day of February, 1869, this act was repealed and the following enacted, to-wit : "That it shall be lawful to take ten per cent. interest per annum, when the amount of interest has not been specified or agreed (Laws of Utah, 1869, chap. 19; p. 17).

The subject of interest is an important branch of jurisprudence, and one that has engaged the best talents of legislators and jurists. At common law, interest was not only not recoverable, but the taking of it was severely

punished. In modern times, however, both in England and America, in the former country principally by statutes, in the latter principally by usage and adjudications, this rule has been greatly qualified. As a general rule, the statutes passed in both countries in regard to interest, are merely prohibitory of interest being taken above a certain rate; they are negative and not affirmative; they do not declare in what cases interest may be taken, nor do they require it to be paid in any case. (2 Parsons on Notes and Bills, 391 to 393, and note p.) "The payment of interest not being required, either at common law or by statute, it follows that whenever the courts allow interest as such, as incidental to the debt, they do so on the ground of the agreement of the parties, either express or implied." (Ibid., and Sedgwick on Damages, 55 Ed., 435.) "The courts of the United States, more than those of England, make the allowance more nearly to depend upon the equity of the case, and not requiring either an express or implied promise to sustain the claim." (Sedgwick on Damages, 5th Ed., 438; Wood *v.* Robins, 11 Mass., 504; Pope *v.* Barrett, 1 Mason 117.) "The American cases look upon the interest as the necessary incident, the natural growth of the money, and therefore incline to give it with the principal; while the English treat it as something distinct and independent, and only to be had by virtue of some positive agreement." (Sedgwick on Damages, 5th Ed., 438; Boyd *v.* Gilchrist, 15 Ala., 849; Stevenson *v.* Maxwell, 1 Sandf. Ch. R., 273.

In the case at bar the jury found that the account was liquidated on the 12th day of February, 1866. The account therefore carried interest from that date; at what rate, however, and how computed, and whether it carried interest before that date, will be hereafter considered. (Parsons' Mercantile Law, 252; Klock *v.* Robinson, 22 Wend., 157; Crosby *v.* Otis, 32 Maine, 256; Hicks *v.* Thomas, Dudley, Geo.,318; Vermont &c. R. R. Co. *v.* Vermont Central R. R. Co., 34 Vt., 1.

"The old common law rule, which requires a demand

to be liquidated, or its amount ascertained, before interest can be allowed, has been so far modified, that if the amount is capable of being ascertained, it carries interest." (20 N. Y., 469; Graham *v.* Chrystal, 1 Abb Pr. N. S. 121; 2 Keyes, 21; McMahon *v.* The N. Y. & Erie R. R. Co., 20 N. Y., 463; Spencer *v.* Pierce, 5 R. I., 63.) There is, however, no necessity for relying upon this doctrine in this case. The account was found to be liquidated.

When interest, as such, should be allowed by courts as matter of law, and when it may be allowed as damages by juries in their discretion, are questions that have been much discussed by courts and commentators. We are satisfied, however, that in regard to the first of these questions, the rule most firmly founded on record, and reason, and best supported by authority, is, " that in actions of contract interest is no longer in the discretion of the jury, but a matter of right, and as essential to legal indemnity as the principal sum or ascertained value to which it is an incident." (Sedgwick on Damages, 5 Ed., 432, note 2; Dana *v.* Fiddler, 12 New York, 40, 50; Reid *v.* The Rens. Glass Factory, 5 Cow., 587; Van Rens. *v.* Jones, 2 Barb. 643; Meech *v.* Smith, 7 Wend., 315; Reab *v.* McAlister, 8 Wend., 109; Hill *v.* Allen, 13 Ill., 592; Lush *v.* Druse, 4 Wend., 313; Van Rens., *v.* Roberts, 5 Den., 470; Van Rens. *v.* Jewett, 2 Coms.. 135.)

We are equally well satisfied " that interest may be allowed in the discretion of the jury, but not by the Court as matter of law, in cases of trover, trespass, or for non-delivery of goods by carriers," when the carriers are in fault. (Sedgwick on Damages, 5th Ed., 441, 433, and 429; Van Rens. *v.* Jones, 2 Barb., 670; Beals *v.* Guernsey, 8 Johns., 446; Bissell *v.* Hopkins, 4 Cow., 53; Richmond *v.* Bronson, 5 Den., 55; Van Rens. *v.* Jewett, 2 Coms.,135; Gilpins v. Consequa, Pet. C. Ct. 85; 3 Wash. C. Ct.,184; The People *v.* Gasharia, 9 Johns.,71; Shingerland *v.* Swart, 13 Johns., 255; Hyde *v.* Stone, 7 Wend., 354.)

6. The Court also charged the jury, " That if they found for the plaintiff they would find $5,020.27, with

interest on $10,020.27 from the day the account was rendered until the day of the payment of the $5,000, and from that date to the day of trial, on the amount then remaining due. This was right. Indeed, no exception was taken to this portion of the charge. It became the law of the case, and no objection can now be urged to it.

But, on the argument it seemed to be conceded by counsel, that if any interest was allowable, it was ten per cent. per annum from and after the 19th day of February, 1866, the date of the statute in regard to interest. It is very clear that where interest is allowable, and the contract does not fix the per centage, it is regulated by the statute, if there be a statute. The Court did not name any per centage, and the charge did not conflict with the principle last stated. (Sedgwick on Damages, 5th Ed., p. 257; Lewis *v.* Lee, 15 Ind., 499; Hayman *v.* Sanders, 12 Cal., 107; Provo *v.* Lathrop, 1 Scam., 305; Van Rens. *v.* Jones, 2 Barb., 667; Close *v.* Field, 13 Tex., 623.) This action is on contract, and the Court properly charged the jury, as matter of law, that if they found for the plaintiff, they would allow him interest from the day of the liquidation of the account, even though there was no statute upon the subject at that time. (See authorities cited under the 5th point.) But the Court, with equal propriety, left the percentage to the discretion of the jury. In Davis *v.* Greely (1 Cal, 432) the Court say, "Interest is generally regulated by statute, but in the absence of any statute, a reasonable rate may be allowed by way of damages."

But, might not the Court have held even a stronger doctrine, and instructed the jury that if they found for the Plaintiff, then, as matter of law, the Plaintiff was entitled to interest from the day the debt was contracted, without regard to its subsequent liquidation? It has been held that " an unliquidated account for money paid or lent, carries interest. Whenever it is said, therefore, that no interest is reasonable upon an unliquidated account, an account other than for money lent or advanced, or had and received, must be understood." (Siotard *v.*

Graves, 3 Cal., 226; Reid v. Rens. Glass Factory, 3 Cow., 427, and 5 Id., 597; Trotter v. Grant, 2 Wend., 413.) It has also been held " that upon money advanced by one person for the use of another, interest is recoverable from the time of the advance, in the absence of any express agreement upon the subject." (Gillett v. Van Rensselaer, 15 New York, 397.)

If the goods advanced were taken in lieu of "a loan" to the Deseret Irrigation and Canal Company, as some of the evidence would seem to indicate, might they not have been regarded as money? And if so, interest might have been charged for about nine months additional. But there is no need to pass upon this question.

7. Having found for the Plaintiff on the merits of the action, the jury, in their discretion, fixed the interest at ten per cent. per annum before the statute, the same as they allowed after the statute. The rule which they adopted for casting interest was correct. (Connecticut v. Jackson, 1 Johns. Ch R. 17; Dean v. Williams, 17 Mass, 417; Story v. Livingston, 13 Pet., 359; Dunlap v. Alexander, 1 Cranch. Ct., 498.) But they seem to have erred in the process of computing it, and to have allowed the Plaintiff several hundred dollars less than he was entitled to according to the facts found by the jury. Of this the Defendant has no reason to complain. "The Supreme Court may render such judgment as the court below should have rendered." (Laws of Utah, p. 67, sec. 8.) Instead, however, of adding to the judgment the interest which the jury omitted, we are of the opinion, all things considered, that the judgment of the court below, as it stands, should be affirmed.

Strickland, J., concurred.

Hawley, J., dissented, solely on the ground that the jury did not allow the Plaintiff as much interest as he was entitled to. In other respects he concurred.