## CLEVELAND CO-OPERATIVE STOVE COMPANY
### v.
## THOMAS F. WHEELER.

1. HEARSAY EVIDENCE.—Appellee was occupying a lower floor of a building of which appellant occupied the entire upper floor. Appellee sued appellant for an injury to goods caused by an overflow of water from a water-closet in appellant's store. The statements of appellant's porter as to his having found the soil pipe to the water-closet stopped up with paper when he returned from church on the night of the overflow, and how he removed it, were admitted in evidence on behalf of appellee. *Held*, that these statements were inadmissible, being mere hearsay evidence, since the porter was in the performance of no act in the course of his employment by appellant at the time of the declarations made by him, and they were the statements of a past occurrence resting entirely upon the credit of the person making them.

2. QUESTIONS PERTINENT TO THE ISSUE.—Where it was averred in the declaration and shown by the evidence that appellee, suing appellant for an injury to goods from an overflow of water, occupied the store jointly with a company who were dealers in the same kind of goods as appellee, and that the company had an agent in charge of the goods, and appellee in his examination in chief testified in a general way that he owned part of the goods and held a part for other parties. *Held*, that appellant's counsel had a right to cross-examine him on the matter of ownership. Where questions put and excluded are pertinent to the point in issue, the court is bound to assume that the evidence called for would have been material.

3. LEASE—TENANTS HOLDING SEPARATELY FROM SAME LANDLORD.—
Where plaintiff occupying the same building with defendant sued defendant for an injury caused by an overflow of water from defendant's store upon plaintiff's goods, and both parties held separately as tenants of the same landlord, it was error to admit in evidence, against defendant's objection, defendant's lease. Plaintiff was no party to such instrument, and the only duties or obligations thereby imposed or created were solely to the lessor.

4. RESPONSIBILITY OF OCCUPANT OF PREMISES—REPAIRS.—It is a general rule of law that the occupant of premises is responsible for injuries received in consequence of a failure to keep them in repair.

APPEAL from the Superior Court of Cook county; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding. Opinion filed December 21, 1883.

The appellee, Wheeler, on and before Nov. 30, 1882, was in the occupation of the lower floor of store No. 203 Lake street, Chicago, and carrying on there the business of leather merchant, having a stock of leather goods in said store, while the appellant corporation occupied the entire floor above appellee's store for its business, both parties holding separately as tenants of the same landlord. There was a water-closet in appellant's store, over that of appellee, which was under the care, control and management of appellant; and some time after appellee's store was closed on said 30th of November, and during the night of that day, there was an overflow from said closet, and the water ran down into appellee's store and upon the leather there, doing damage to a portion of it. This action was brought by appellee, Wheeler, against the appellant, to recover the damage so sustained, on the ground that it was the result of negligence on the part of the appellant, its agent and servant, in the care and management of said water-closet. On the trial under the general issue, the plaintiff gave evidence tending to show the situation and occupation of the premises of the respective parties. The plaintiff, as a witness in his own behalf, testified that the Eagle Tanning Works occupied the lower floor jointly with him; that it had goods there, and an agent of the name of McConnell in charge; that he, plaintiff, was connected with the Eagle Tanning Works Company, and was a stock-

holder therein, but that his business was separate from that of the company. The witness testified that the water ran on to thirty or forty thousand dollars worth of property, and that the water did damage to his leather to the amount of $2,076.56. On cross-examination by defendant's counsel, the witness said he was the owner of most of the property; some of it he was selling for other people. The witness was then asked to state what he owned and what belonged to somebody else. To this inquiry, the plaintiff's counsel objected, the court sustained the objection, and defendant's counsel excepted. The witness was then asked to state what part of the property was his own absolute property. This was objected to in like manner, the objection sustained by the court and exception by plaintiff. The court permitted one Clark, a private watchman belonging to Pinkerton's force, to testify that about half past twelve o'clock of the night in question he went to the street door of the stairs leading up to defendant's store, and called up the colored porter; that the latter told witness that when he (the porter) came back from church that evening—that night, that he caught the water running over the floor, as the soil pipe was stopped up with paper, and he got an umbrella cane, and poked the paper down through the soil pipe. The defendant's counsel objected to the witness telling what the porter said; but the court overruled the objection, and exception by defendant was duly taken.

The court permitted the plaintiff's counsel to introduce in evidence the lease between the defendant and its landlord, which contained stringent covenants on the part of the defendant as to repairs. This was also objected to by defendant, and exception duly taken. The jury found the defendant guilty, and assessed plaintiff's damages at $2,076.56, for which judgment passed, and defendant brings the record to this court.

Mr. SIDNEY THOMAS and Mr. C. C. KOHLSAAT, for appellant; that the presence of a fish in the supply valve of a water-closet without the knowledge or fault of the defendant, causing a continuous flow of water which floods a building is an

inevitable accident for which no recovery can be had, cited Carstairs v. Taylor, L. R. C. Ex. 217; Chicago v. Lavelle, 83 Ill. 482; Hodgson v. Dexter, 1 Cranch, C. N., 109; Ross v. Feddew, 1 Thompson on Neg., § 6, p. 91.

Contributory negligence on the part of the plaintiff will defeat his action unless it appears that the defendant was guilty of gross negligence: Village of Kewanee v. Depew, 80 Ill. 119; C., B. & Q. R. R. Co. v. Van Patten, 64 Ill. 510; City of Quincy v. Barker, 81 Ill. 300; Town of Earlville v. Carter, 6 Bradwell, 421; Folsom v. Town of Underhill, 36 Vt. 691; Buckingham v. Fisher, 70 Ill. 122; Ortmayer v. Johnson, 45 Ill. 469; T., W. & W. Ry. Co. v. Black, 88 Ill. 112; C. & N. W. Ry. Co. v. Scates, 90 Ill. 586; I., B. & W. Ry. Co. v. Flanigan, 77 Ill. 365.

The evidence as to the declarations of the porter was inadmissible: Luby v. Hudson River R. R. Co., 17 N. Y. Court of Appeals, 131; Whitaker v. 8th Ave. R. R. Co., 51 N. Y. 295; Bellefontaine R. R. Co. v. Hunter, 33 Ind. 335; Robinson v. Fitchburg R. R. Co., 7 Gray, 92; Moore v. Conn. R. R. Co., 1 Greenleaf on Ev., § 113; Story on Agency, §§ 134, 135–137; Kent v. Mason, 79 Ill. 560; Ohio & Memphis R. R. Co. v. Porter, 92 Ill. 437; Wabash, St. L. & P. Ry. Co. v. Fenton, 12 Bradwell, 417; Rogers v. McCane, 19 Mo. 570; Ladd v. Congins, 35 Mo. 513; Mich. C. R. R. Co. v. Gougar, 55 Ill. 503; Mich. C. R. R. Co. v. Carrow, 73 Ill. 348; 1 Greenleaf on Ev., §§ 113 and 114.

The evidence as to prior leakages was irrelevant: 1 Greenleaf on Ev., §§ 51, 52; Malcomson v. Clayton, 13 Moore, P. C. C. 198.

The covenants of defendant's lease were incompetent: Swords v. Edgar, 59 N. Y. 28; Clancy v. Bryne, 56 N. Y. 129.

It was error to admit over appellant's objections, irrelevant though immaterial evidence, which tended to mislead: Harris v. Miner, 28 Ill. 155; Denman v. Bloomer, 11 Ill. 177; Coughlin v. The People, 18 Ill. 266; Kelderhouse v. Saveland, 1 Bradwell, 65.

As to the admission of newly discovered evidence: Sollman v. Becker, 85 Ill. 183; Edgmon v. Ashelby, 76 Ill. 161; Bowers v. The People, 74 Ill. 418.

Mr. GEO. O. IDE, for appellee; that appellant having exclusive use of the closet and being under the legal as well as the assumed duty of keeping the closet in repair and safe condition was presumptively responsible for the damage from the overflow, cited Warner v. Kauffman, 2 Phila. 259; Mendel v. Fink, 8 Bradwell, 383; Chicago City Ry. Co. v. Lewis, 5 Bradwell, 242–6.

As to combined negligence and accident: City of Joliet v. Verley, 35 Ill. 60; City of Bloomington v. Bay, 42 Ill. 510; City of Aurora v. Pulfer, 56 Ill. 276.

The statement by appellant's servant while in the scope of his employment was admissible as it was part of the res gestæ: Wallace v. Goold, 91 Ill. 15; O. & M. R. R. Co. v. Porter, 92 Ill. 437; Merchants D. T. Co. v. Leysor, 89 Ill. 44.

Appellee had the lawful right to sue and recover for the entire amount of damage done, whether he owned the whole or held a part only as bailee for others. He was in lawful possession of the whole and as against him, appellant, as a mere tort feasor could not question his right to recover the entire amount of damage proved: Benjamin v. Stremple, 13 Ill. 468; Winne v. Hammond, 37 Ill. 105; C. & N. W. Ry. Co. v. Shultz, 55 Ill. 421; P. P. & J. R. R. Co. v. McIntire, 39 Ill. 298; G. W. R. R. Co. v. McComas, 33 Ill. 187; C. & A. R. R. Co. v. Shea, 66 Ill. 480; Green v. Clarke, 2 Kernan, 343.

As to diligence in discovering new evidence: Champion v. Ulmer, 70 Ill. 322; Wright v. Gould, 73 Ill. 56; Union Rolling Mill Co. v. Gillen, 100 Ill. 52; Meyer v. Mead, 83 Ill. 19; Dyer v. The People, 84 Ill. 624.

McALLISTER, P. J. The damages which the plaintiff would be entitled to recover in respect of the injury complained of would be limited to such as were proximately consequent upon an injury to goods in which he had some property, either absolute, special or qualified, or goods which he had in charge under such circumstances or relations, as that he would be legally accountable to some third party. The circumstance alone that the goods alleged to have been injured

were there in the store of which he was an occupant, would not raise a *prima facie* presumption of property in him because it was averred in the declaration and shown by the evidence that he occupied the store jointly with the Eagle Tanning Works Company, dealers in the same kind of goods, and that they had an agent, Mr. McConnell, in charge of them.

The plaintiff, in his examination in chief, testified in a general way, that he owned part of the goods in question, and held a part for other parties. Whereupon the defendant's counsel innocently supposing that this case was in no wise different from others, and that the defendant was not conclusively bound by what the plaintiff had stated upon these points in his direct examination, proceeded to cross-examine him on the matter, when, upon objection of plaintiff's counsel, the court stopped the inquiry and excluded the evidence.

It is obvious, from this bare statement, that such ruling was erroneous. It might have turned out when the plaintiff was brought close down to particular facts, that he was the owner of a very small portion of the goods, and that as to those of which in a general way he had claimed to be bailee, there was no bailment at all so far as he was concerned; that they belonged to the Eagle Tanning Works Company, and were at that time in the custody of their agent, McConnell.

It is enough, however, that the questions put and excluded were pertinent to a point in issue in which case the court is bound to assume that the evidence called for would have been material. 2 Phil. on Ev., Cowen, Hills & E.'s Notes, p. 903; Halsey v. Jarvis, 7 Bosw. 461.

The admission in evidence on behalf of the plaintiff, of the statements made by the defendant's porter as to his having found the soil pipe to the water-closet stopped up with paper when he returned from church, and how he removed it, was manifestly improper. The porter was in the performance of no act in the course of his employment by the defendant, at the time of the declaration made by him. The injury, the principal event, was completed. They were the statements of a past occurrence, and resting entirely upon the credit of the person making them. They can not be regarded as a part of

the *res gestæ*, but must be taken as mere hearsay evidence. The porter should have been called as a witness. But it was urged by appellee's counsel that this evidence was not objected to by defendant in apt time. The answer to that is, that the presiding judge has certified in the bill of exceptions, that to the admission of that evidence, the defendant's counsel then and there duly excepted. Besides, it appears from the record that defendant's counsel was prevented from moving to strike it out or to exclude it, by the court saying he should let it stand, and would not change his ruling if the plaintiff wanted it to stay there.

We are of opinion that the court erred in admitting in evidence against the defendant's objections, the lease between the Couch estate as lessor, and the defendant as lessee of the premises occupied by the defendant, and in which the water-closet in question was located. The plaintiff was no party to such instrument, and therefore no legal duty could arise, on the part of the defendant, toward the plaintiff, from that instrument or any covenants contained in it, since the only duties or obligations thereby imposed or created, were solely to the lessor.

It was not required to show the extent of the defendant's possession, because that was obvious and well understood. It is a general rule of law that the occupant of premises is responsible for injuries received in consequence of a failure to keep them in repair. Gridley v. City of Bloomington, 68 Ill. 47.

To admit the lease in evidence, was simply the admission of irrelevant testimony, calculated to confuse and mislead the jury. Notwithstanding its irrelevancy, the lease was alluded to in the instructions for the plaintiff as a substantive element in the case. Other points for reversal have been made and discussed by appellant's counsel, but which we do not deem it necessary to consider. For the errors pointed out, as above, the judgment of the court below will be reversed and the cause remanded for a new trial.

Judgment reversed.