## POWELL & POWELL *vs.* NOYE.

Where mutual dealings had taken place between the plaintiffs and the defendant, and the plaintiffs delivered to the defendant a statement of the accounts between them, showing a balance of $842.09 due to the former; and the defendant took the account away with him, to see if it was correct, and kept the same several months; writing to the plaintiffs, from time to time, that he intended to make good the balance of account against him; that the account should be examined and the balance paid; that he had no objection to sending his notes for the balance, but not at thirty or sixty days; admitting that his obligation to pay the amount was no less, as the matter then stood, than if the plaintiffs had his notes; and promising that if they desired it he would send his due bill *for the amount;* saying, at another time, that he could not pay the plaintiffs the balance they claimed against him, just then, but that he should pay what he owed them at the earliest date possible, &c.; but in none of these letters was any fault found with the plaintiffs' account, or any complaint that the balance claimed was too large; *it was held* that these letters, taken together, constituted a strong admission of the accuracy of the account; and that the same became a *settled account,* and the balance was admitted to be due.

*Held also,* that it was no objection to the account that a part of it consisted of what was due on certain joint transactions between the parties.

When a balance is struck, and admitted to be due, on partnership transactions, it may be recovered, in an action at law.

THIS action was brought to recover a balance claimed to be due to the plaintiffs upon an account stated. The defendant's answer contained a general denial. He also denied that there had been an accounting, and put in a counter-claim for balances on wheat sold, and for money laid out and expended. The cause was tried at the Kings county circuit, before Justice Rockwell, in June, 1855. The plaintiffs proved that they were, in the month of January, 1854, and previously, partners in business at the city of New York, under the firm name of Powell & Co., and that the defendant resided at Buffalo; that prior to January, 1854, the plaintiffs and defendant had had mutual dealings together in the purchase of wheat; that in February, 1854, the plaintiffs delivered to the defendant, at the city of New York, an account, headed "Interest account made up to January 31, 1854," showing a balance of $842.09 due to the plaintiffs from the defendant; that the defendant received the

said paper writing, saying, "I will take it to my hotel and see if it is correct, and will settle before I leave New York," but did not see the plaintiffs again before leaving the city. The plaintiffs here proved that five certain letters, the first bearing date March 21, 1854; the second April 7, 1854; the third April 17, 1854; the fourth May 6, 1854, and the fifth June 13, 1854, addressed to the plaintiffs, were in the handwriting of the defendant. The plaintiffs then offered in evidence the said five letters, for the purpose of proving an account stated. The defendant objected to the reading of such letters in evidence, on the ground that it had been proven that at the time the said paper writing was delivered to the defendant by the said plaintiffs several other accounts were also delivered to him, which related to the items charged in the said paper writing, and that said letters were not admissible in evidence for the purpose of proving an account stated, unless the plaintiffs produced the said other accounts, so delivered to the defendant at the same time with said paper writing, as the said letters referred, as well to the said other accounts as to the said paper writing, and their meaning was not intelligible unless the said accounts should be produced; in order that it might be seen to what accounts and matters the said letters referred. The court overruled the objection, and the defendant excepted, and the said letters were read in evidence. The material portions of those letters are stated in the opinion of the court. The plaintiffs rested, and the defendant moved the court to dismiss the complaint, on the ground that an account stated had not been proven, which motion was denied by the court, and the defendant excepted. After some further evidence, the court directed a verdict for the plaintiffs, for the sum of $842.09, with interest from the first day of January, 1854, to which the defendant excepted.

*C. N. Bovee*, for the plaintiffs.

*I. T. Williams*, for the defendant.

Powell *v.* Noye.

*By the Court*, S. B. STRONG, J. The parties had a meeting in February, 1854, when the plaintiffs produced and delivered to the defendant a statement of the accounts between them, specifying the balance due, and also some papers explanatory of some of the items included in the statement. The defendant took the statement to his hotel to see whether it was correct, and promised to settle before leaving New York. He left the city without again seeing the plaintiffs, or sending any communication to them. On the 21st of March following, he wrote to them that he intended to make good the balance of account against him, and that he had not had time to examine the accounts carefully, but he presumed they were correct. On the 6th of April following, he wrote that he should have the accounts examined in a few days, and that the balance would be paid "at the earliest day possible." On the 17th of the same month he wrote that as regarded sending his notes for the balance, he had no objection, but not at thirty or sixty days; and he added that he felt anxious to pay it at the earliest day possible. On the 6th of May following, he wrote again, saying, "I cannot consider my obligation to pay the amount any less, as the matter now stands, than if you had my notes. If you desire it, I will send you my due-bill *for the amount.*" And on the 13th of the following June he again wrote to the plaintiffs, saying, "You demand a certain balance you claim as your due. I have replied I cannot pay it just now." "You will please to understand in the first place, I shall pay what I owe you at the earliest date possible." In none of these letters was any fault found with the plaintiffs' account, or any complaint that the balance claimed was excessive. It seems to me that the whole, taken together, constituted a strong admission of the accuracy of the account. It became a settled account, and the balance was admitted to be due.

It is no objection to the account that a part of it was what was due on certain joint transactions between the parties. When a balance is struck and admitted to be due on partnership transactions, it can be recovered in an action at law.

There was not any pretense of fraud; nor that the defendant

was taken by surprise; nor that he had not, before his admission of the correctness of the account, had full opportunity for examination; nor that he had not in fact fully examined it. Under such circumstances, and when in consequence of the defendant's admission vouchers may have been destroyed, it would be doing great injustice to suffer the account to be opened, merely because all the papers which were delivered with the accounts were not produced on the trial, or because some of the items were mere balances.

The judgment at the special term was right, and should be affirmed, and a new trial denied, with costs.

[Kings General Term, October 14, 1856. *Brown, S. B. Strong* and *Emott,* Justices.]