JAMES C. LUCE, Respondent, *v.* RICHARD T. HARTSHORN et al., Appellants.

(GENERAL TERM, FIRST DEPARTMENT, DECEMBER, 1872.)

By an agreement in writing between the members of an association it was provided that the plaintiff, a member thereof, should furnish certain information to such association, not specifying whether by parol or otherwise. The association afterward resolved, without assent of the plaintiff, that such information should be entered by him upon books provided for that purpose. *Held*, in an action brought for an accounting against other members of the association, that a finding that plaintiff was bound to comply with the resolution, when notified to do so, was sufficiently favorable to defendants.

Whether the plaintiff was bound to comply with a resolution by which the terms of the original agreement were varied, without assenting thereto, *quere.*

The rule, that the property of a partnership shall be first applied to the payment of the debts before any division of the assets, applies where one of the members is to be compensated for his services out of the profits.

But an amount due a member for services, out of profits, as shown by an account rendered him, and acted on by the partnership, is recoverable, although a greater claim by a stranger, as to which the partnership denies liability, and, not noticed in the account, is proved in the action.

Nor can the partnership avail itself of such a claim against it as a defence to the recovery without pleading it as such.

THIS was an appeal by the defendants from a money judg-
ment entered upon the report of a referee on a claim arising
as follows:

On the fifth day of July, 1866, the defendants, as partners,
were the proprietors and publishers of a work known as *The
American Lloyds' Register of American and Foreign Ship-
ping*, and they entered into an agreement on that day with
certain inspectors of marine insurance companies in the city
of New York, including the plaintiff as the representative
of the Great Western Insurance Company, by which the
inspectors agreed to furnish to the defendants, when called
upon, such reports of inspection of vessels as they might
make as such inspectors; and that they would furnish to
defendants, when requested, such information in regard to
vessels as they might obtain, from time to time, so as to lead,
so far as could be, to a uniform classification and rating of ves-
sels with reference to insurance; and with that view they
would use their influence to promote the circulation, standing,
stability and usefulness of the said *Register*. And in con-
sideration of said inspectors rendering such service and
information, the said defendants agreed to share equally
with said inspectors in fifty per cent of the net profits arising
from the sale of the *Register*, supplements thereto, and the
moneys arising from the surveys and classification of vessels;
the agreement to continue in force with the inspectors only
so long as they should continue to be such inspectors of said
companies, and the defendants should continue to be proprie-
tors and publishers of said work. This agreement was not
under seal.

Upon the execution of this paper the parties organized
themselves into an association or board, which they termed
the American Lloyds', or Lloyds' Association, and which had
a president, treasurer and secretary, and of which the plaintiff
was chosen president and the defendants treasurer and
secretary.

On the thirtieth day of June, 1868, a resolution was duly
adopted by said association, as follows:

Luce *v.* Hartshorn.

" *Whereas,* it was the original intention of this association that the members should record the reports of their daily inspections in this office.

" It is therefore resolved, that one inspector of each insurance company who may be a member of this association shall write in the books provided for that purpose a report of such inspection or inspections as he may have made within two days of the time of making such inspections. Provided always that such reports have not been previously written in said books."

Immediately after that resolution was adopted, the defendants prepared books pursuant thereto, one for each class of vessels, and had them duly alphabeted. These books were kept at their office and were accessible to the inspectors and all parties interested in furnishing the requisite information.

On the thirteenth day of July, 1868, the plaintiff was duly notified of the passage of that resolution. After that time the plaintiff made inspections of vessels as such inspector, but did not enter the same in the said books provided by the defendants.

It was proved that the plaintiff was and always had continued to be the inspector of the Great Western Insurance Company from the time he executed this agreement until he commenced this action. The defendants rendered to the plaintiff their accounts from July, 1868, to July, 1869, from which the balance appeared to be $11,337.35. The plaintiff stated to them they had made an error in their accounts of 1868, which they had admitted and agreed should be corrected in these accounts. A book-keeper examined the accounts, and found the error was $549.50, and the defendants agreed that amount should be added, which made $11,886.84. Half of this belonged to the defendants. The interest of the plaintiff was in the balance, one-eleventh of $5,943.42, being $540.31, on account of which the plaintiff had received $212.21, leaving due him $328.10. On or about the 5th of July in each year the defendants made up

an account, rendering it to each party interested with them, according to the stipulation of the agreement.

On or about the first day of September, 1869, the plaintiff commenced this action against the defendants, claiming that there was due him from defendants on account of the profits of said business the sum of $328.10 and upward, asking judgment, with other relief, that an account be had and that the defendants pay the amount due.

The defendants answered setting forth the agreement, &c., and averred that the plaintiff had not fulfilled the same, but had confederated with other persons in aid of a rival publication, and refused to perform, claiming damages in $5,000 as a counter-claim. They also claimed payment in full of plaintiff's demand. The plaintiff denied counter-claim.

The issues were referred to a referee to hear and determine. Among the other facts adduced, the defendants showed that by reason of alleged unskillfulness or negligence a claim was made against the association that might exhaust this entire amount. This claim was not admitted by the association, but it was claimed by them that they were not liable therefor. The referee was, among other requests, requested by defendants to find as follows: "That it became the duty of the plaintiff, under said contract, to make all entries of the inspection of vessels made by him as such inspector in the said books prepared by the defendants, from and after his notification of the passage of said resolution," and so found, with the addition of the words "when called upon."

The referee decided as matter of law that the plaintiff was entitled to judgment against the defendants for $328.10, and interest from July 1st, 1869, amounting to $356.80, with costs.

To this decision the defendants duly excepted, and appealed from the judgment entered on his report.

*Wm. Henry Arnoux,* for the appellant.

*T. R. Strong,* for the respondents.

Present—INGRAHAM, P. J., and BRADY, J.

INGRAHAM, P. J.   Whether or not the plaintiff was guilty of neglect in performing his duties under the contract made with the defendants, and whether or not the plaintiff had and has influence in promoting the success of the undertaking, were questions of fact to be decided by the referee, and his findings based on contradictory evidence cannot be disturbed. So far as relates to the binding effect of the resolution passed by the association after the contract was made, the defendants have no cause to complain of the finding, that the plaintiff was bound to comply therewith when notified so to do.   It may well be doubted whether such resolution could be adopted so as to alter the terms of the original contract, or to add to it new conditions not contained therein.   The giving the information required could be by parol, and nothing in that contract called for keeping books as required by the resolution.

The only point causing any doubt as to the propriety of the report is as regards the claim made against the association for a false certificate.

It is undoubtedly the rule that the property of a partnership shall be first applied to the payment of the debts of the concern before there can be any division of the assets, and it is also the rule that when a person is to be compensated for services out of the profits, the same rule would apply, and there would be difficulty in ascertaining such profits until the claims against the firm were adjusted.

I am inclined, however, to the opinion that the defendants cannot insist upon the application of either of these rules to the present case:

1st. The claim is not admitted by the defendants to be a valid claim, but they deny their liability therefor.

2d. The defendants have rendered their account up to July, 1869, without noticing such claim, and they had previously acted on accounts so rendered as fixing the rate of compensation for the year.

3d. No such defence is set up in the answer, and it is not therefore available in the present action.

The rendition of the account of receipts and profits for the

year, if accepted by the plaintiff, may be considered as an account stated, and as such would bind the defendants, and the omission to set up this matter as a defence in the answer would also preclude the use of it upon the trial. (*Powell* v. *Noye,* 23 Barb., 184.)

The judgment should be affirmed.